OPINION OF THE COURT
Memorandum.
Ordered that the judgment of conviction, insofar as appealed from, is modified, on the law, by vacating the convictions of two counts of aggravated unlicensed operation of a motor vehicle in the second degree (counts 5 and 6) and one count of unlicensed operation of a motor vehicle in the third degree (count 4) (under the name of “Ismael M Acevedo”), vacating the sentences imposed thereon and dismissing those counts of the accusatory instrument, and the fines therefor, if paid, are remitted; as so modified, the judgment of conviction, insofar as appealed from, is affirmed.
In July 2008, defendant was arrested and charged, under the name of Ismael Maldonado, with Vehicle and Traffic Law offenses. This accusatory instrument was subsequently superseded in its entirety, in June 2009, by a superseding information which charged defendant, under the name of “Ismael Maldonado AKA Ismael M Acevedo” (see CPL 100.50 [1]). The June 2009 information contained charges relating specifically to “Ismael M Acevedo” which were not in the July 2008 accusatory instrument. Prior to defendant’s 2010 jury trial, a prosecutor’s information was filed against defendant, under the name “Ismael Maldonado AKA Ismael M Acevedo.” Insofar as is relevant to this appeal, defendant was found guilty of aggravated unlicensed *84 operation of a motor vehicle in the third degree (Vehicle and Traffic Law § 511 [1]) (under the name of “Ismael Maldonado”) (count 3); aggravated unlicensed operation of a motor vehicle in the third degree (Vehicle and Traffic Law § 511 [1]) (under the name of “Ismael M Acevedo”) (count 4); aggravated unlicensed operation of a motor vehicle in the second degree (Vehicle and Traffic Law § 511 [2] [a] [ii]) (under the name of “Ismael M Acevedo”) (count 5); and aggravated unlicensed operation of a motor vehicle in the second degree (Vehicle and Traffic Law § 511 [2] [a] [iv]) (under the name of “Ismael M Acevedo”) (count 6).
On appeal, defendant contends that so much of the accusatory instrument as charged him with aggravated unlicensed operation of a motor vehicle in the second and third degrees is jurisdictionally defective because it does not allege that he had received notice of the suspensions/revocations from the Department of Motor Vehicles (DMV); and that his Sixth Amendment right to confront the witnesses against him was violated when the Criminal Court admitted the affidavits of regularity/proofs of mailings. Defendant also contends that his confrontation rights were violated because a redacted printout from the Department of Criminal Justice Services (DCJS), which stated, among other things, that he used the name Acevedo as an alias, was improperly admitted into evidence inasmuch as no foundation had been laid for its admission. We note that, on appeal, the People argue that if the DCJS printout was improperly admitted into evidence, all counts pertaining to “Ismael Maldonado” should not thereby be affected.
In People v Inserra (4 NY3d 30, 32 [2004]), the Court of Appeals stated that “a prosecutor’s information is jurisdictionally defective if the original information it supersedes and any supporting depositions do not contain adequate factual allegations. To be adequate, the allegations must establish, if true, every element of the crime charged and the defendant’s commission of each” (see CPL 100.40 [1] [c]; People v Casey, 95 NY2d 354, 360 [2000]; see generally CPL 100.50 [2]). A review of the June 2009 information indicates that it sufficiently alleges facts of an evidentiary character supporting or tending to support the charges of aggravated unlicensed operation of a motor vehicle in the second and third degrees, providing reasonable cause to believe that defendant committed these offenses (see CPL 100.40 [1]), and establishing, if true, every element of these offenses (see CPL 100.40 [1] [c]), including the element of defendant’s actual *85 or constructive knowledge of the suspensions/revocations of his license.
The deponent police officer alleged in the accusatory instrument that, upon his search of the official, computerized records of the DMA/ he had discovered that the records indicate that defendant’s driving privilege had been suspended/revoked on July 19, 2008 as a result of defendant’s failure to answer or appear in response to a traffic summons; that all such summonses contain the warning that “if you don’t answer this ticket by mail within 15 days your license will be suspended”; and that the “Department of Motor Vehicles mails a notice of suspension to any such person at their last known address.” The foregoing allegations were sufficient, for pleading purposes, to establish prima facie the element of the charges that defendant knew or had reason to know that his New York State license or driving privilege had been suspended or revoked (see Vehicle and Traffic Law § 511 [1], [2]; People v Austin, 34 Misc 3d 136[A], 2011 NY Slip Op 52402[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2011]; People v Crawley, 32 Misc 3d 131[A], 2011 NY Slip Op 51334[U] [App Term, 1st Dept 2011]; see also People v Sanago, 35 Misc 3d 143[A], 2012 NY Slip Op 50943[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2012]). Consequently, so much of the accusatory instrument as charged defendant with aggravated unlicensed operation of a motor vehicle in the second and third degrees is facially sufficient.
At trial, the People sought to have the affidavits of regularity/ proofs of mailing admitted into evidence in order to establish that the orders and notices of suspensions/revocations had been mailed to “Ismael Maldonado” (at “Metro Ave” in Brooklyn, NY) and “Ismael M Acevedo” (at “Hopkins Ave” in Jersey City, NJ and “Boerum St” in Brooklyn, NY) and that, therefore, “Ismael Maldonado” and “Ismael M Acevedo” had reason to know that their driving privileges had been suspended/revoked. The Confrontation Clause of the Sixth Amendment to the United States Constitution provides that, in all criminal prosecutions, a defendant “shall enjoy the right . . . to . . . confront[ ] . . . the witnesses against him” (see also NY Const, art I, § 6). The United States Supreme Court has held that the United States Constitution prohibits the “admission of testimonial statements of a witness who [does] not appear at trial unless he [is] unavailable to testify, and the defendant ha[s] had a prior opportunity for cross-examination” (Crawford v Washington, 541 US 36, 53-54 [2004]; see also Davis v Washington, 547 US 813, *86 821 [2006]; People v Brown, 13 NY3d 332, 338 [2009]). When determining whether a document violates a defendant’s confrontation right, the “test is first whether the documents qualify as business records and then whether they are also non-testimonial in the Crawford . . . sense, whatever the state law definition of business records and the specifics of the foundation rules necessary to admit such records may be” (People v Lent, 29 Misc 3d 14, 20 [App Term, 2d Dept, 9th & 10th Jud Dists 2010]).
It is well settled that a DMV affidavit of regularity/proof of mailing which is used to show that a defendant knew or should have known that his license or driving privileges had been suspended or revoked is testimonial in nature, under the holding of Crawford v Washington (541 US 36, 53-54 [2004]) and, therefore, such affidavits cannot be admitted into evidence pursuant to Vehicle and Traffic Law § 214 without violating a defendant’s Sixth Amendment right to confrontation (see People v Pacer, 6 NY3d 504, 509-510 [2006]). In view of the foregoing, the Criminal Court improperly admitted the affidavits of regularity/proofs of mailing into evidence. Nevertheless, the error caused by this improper admission was harmless, beyond a reasonable doubt (see People v Rayford, 80 AD3d 780, 781 [2011]; People v Crimmins, 36 NY2d 230 [1975]), since the People presented other evidence regarding the generation, and mailing, of suspension and revocation orders and notices. The People presented a 20-year employee of the DMY who testified that the orders and notices had been generated, and mailed to “Ismael Maldonado” and “Ismael M Acevedo,” in accordance with the standard office practices and procedures of the DMV Such evidence created a presumption that the orders and notices had been received by “Ismael Maldonado” and “Ismael M Acevedo” (see Residential Holding Corp. v Scottsdale Ins. Co., 286 AD2d 679 [2001]) and that, therefore, “Ismael Maldonado” and “Ismael M Acevedo” had reason to know that their driving privileges had been suspended/revoked (see Vehicle and Traffic Law § 511 [1] [a]; People v Rayford, 80 AD3d at 781).
The People sought to have a redacted DCJS printout admitted into evidence to show, among other things, that “Ismael Maldonado” and “Ismael M Acevedo” are the same person. The subject printout was not certified by the Commissioner of DCJS; rather, it was accompanied by an affidavit which stated that the affiant, the Chief of the Records Management Bureau of DCJS, certified that the annexed criminal history report “is a *87 true and exact copy of the records maintained by [DCJS].” Since the People provided no testimony as to whether the printout “was made in the regular course of any business and that it was the regular course of such business to make it, at the time of the act, transaction, occurrence or event, or within a reasonable time thereafter” (CPLR 4518 [a]), or otherwise complied with CPLR 4520, the printout was not admissible into evidence pursuant to any statutory or common-law public-records hearsay exception to constitute prima facie evidence of the facts stated therein. Therefore, we need not reach the issue of whether the printout was “non-testimonial in the Crawford . . . sense” (People v Lent, 29 Misc 3d at 20). Without this evidence, the People failed to establish that “Ismael Maldonado” and “Ismael M Acevedo” are the same person. Consequently, as is relevant to this appeal, the evidence adduced at trial solely established that “Ismael Maldonado” was guilty of aggravated unlicensed operation of a motor vehicle in the third degree. We note that defendant has served his sentence.
Accordingly, the judgment of conviction, insofar as appealed from, is modified by vacating the convictions of two counts of aggravated unlicensed operation of a motor vehicle in the second degree (counts 5 and 6) and one count of unlicensed operation of a motor vehicle in the third degree (count 4) (under the name of “Ismael M Acevedo”), vacating the sentences imposed thereon, and dismissing those counts of the accusatory instrument, and the fines therefor, if paid, are remitted.
Pesce, RJ., Aliotta and Solomon, JJ., concur.