The People of the State of New York, Respondent,
against
Michael Outerbridge, Defendant-Appellant.



Defendant appeals from a judgment of the Criminal Court of the City of New York, New York County (Frank P. Nervo, J.), rendered November 30, 2011, convicting him, upon a plea of guilty, of aggravated unlicensed operation of a motor vehicle in the second degree, and imposing sentence.




Per Curiam.
Judgment of conviction (Frank P. Nervo, J.), rendered November 30, 2011, affirmed.
In view of defendant's knowing waiver of his right to prosecution by information, the accusatory instrument only had to satisfy the reasonable cause requirement (see People v Dumay, 23 NY3d 518 [2014]). So viewed, the accusatory instrument was jurisdictionally valid, since it described facts of an evidentiary nature establishing reasonable cause to believe that defendant was guilty of aggravated unlicensed operation of a motor vehicle in the second degree (see Vehicle and Traffic Law § 511[2][a][iv]). The accusatory instrument alleged, inter alia, that at a specified time and location, defendant was observed operating a motor vehicle; that the computer check run by the officer of Department of Motor Vehicles records showed that defendant's driver's license had been suspended "on more than two times on more than two dates and has not been reinstated"; that "defendant's license was suspended for failure to answer a New York summons"; that all such summonses contain a printed notice that "[i]f you do not answer this ticket by mail within 15 days your license will be suspended"; and "[d]efendant admitted to the officer that defendant's license was suspended." These factual allegations, "given a fair and not overly restrictive or technical reading" (People v Casey, 95 NY2d 354, 360 [2000]), were sufficient, for pleading purposes, to establish the elements of the charged offense, including that at the time of the underlying incident, defendant was driving "while knowing or having reason to know" that his license was suspended (Vehicle and Traffic Law § 511[1][a]; see People v Maldonado, 42 Misc 3d 81 [2013]; People v Crawley, 32 Misc 3d 131[A], 2011 NY Slip Op 51334[U] [App Term, 1st Dept 2011], lv denied 19 NY3d 863 [2012]. "[T]he statute only requires knowledge or reason to know of one such suspension, not of three suspensions" (People v Abelo, 79 AD3d 668, 670 [2010]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur 
Decision Date: March 21, 2016