The People of the State of New York, Respondent,
against
Elgin Wright, Defendant-Appellant.



Defendant appeals from a judgment of the Criminal Court of the City of New York, New York County (Melissa A. Crane, J.), rendered May 13, 2015, convicting him, upon a plea of guilty, of driving while intoxicated and aggravated unlicensed driving in the third degree, and imposing sentence.




Per Curiam.
Judgment of conviction (Melissa A. Crane, J.), rendered May 13, 2015, affirmed.
The accusatory instrument, which in this case was required to meet the standards that apply to a misdemeanor complaint (see People v Dumay, 23 NY3d 518, 521 [2014]), was jurisdictionally valid, since it described facts of an evidentiary nature establishing reasonable cause to believe that defendant was guilty of driving while intoxicated (see Vehicle and Traffic Law § 1192[3]) and aggravated unlicensed operation of a motor vehicle in the third degree (see Vehicle and Traffic Law § 511[1][a]). Allegations that defendant operated a motor vehicle "at 12 Avenue and West 133rd Street in the County and State of New York" and that the location was a "public highway" were sufficient to satisfy the "public highway" element of the charged Vehicle and Traffic Law offenses (see People v Gerado, 55 Misc 3d 127[A], 2017 NY Slip Op 50344[U] [App Term, 1st Dept 2017], lv denied 29 NY3d 1079 [2017]; People v Cardona, 53 Misc 3d 137[A], 2016 NY Slip Op 51466[U] [App Term, 1st Dept 2016], lv denied 28NY3d 1143 [2017]). The Vehicle and Traffic Law broadly defines a public highway as "[a]ny highway, road, street, avenue, alley, public place, public driveway or any other public way" (Vehicle and Traffic Law § 134; People v Beyer, 21 AD3d 592, 594 [2005], lv denied 6 NY3d 752 [2005]).
The factual allegations were also sufficient for pleading purposes to establish that defendant knew, or had reason to know, that his license was suspended, a necessary element of third-degree aggravated unlicensed operation of a motor vehicle (see Vehicle and Traffic Law § 511[1][a]). The instrument recited that the computer check run by the officer of Department of Motor Vehicles records showed that defendant's driver's license had been suspended "for failure to answer a New York Summons three times on three or more dates;" and that all such [*2]summonses contain a printed notice that "[i]f you do not answer this ticket by mail within 15 days your license will be suspended." The instrument further alleged that defendant was also aware that his license had been suspended because the computer check "revealed that [defendant's] license was suspended for lapse of insurance" after "defendant failed to answer both a letter requesting updated insurance information ... and an order of suspension" informing him that his license was "suspended indefinitely" and would not be restored until he satisfied certain conditions, including payment of a termination fee (See People v Maldonado, 42 Misc 3d 81 [2013]; People v Crawley, 32 Misc 3d 131[A], 2011 NY Slip Op 51334[U] [App Term, 1st Dept 2011], lv denied 19 NY3d 863 [2012]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur
Decision Date: March 22, 2018