The People of the State of New York, Respondent,
against
Joselito Compres, Defendant-Appellant.



Defendant appeals from a judgment of the Criminal Court of the City of New York, New York County (Thomas Carroll, J.H.O.), rendered December 21, 2016, convicting him, upon a plea of guilty, of aggravated unlicensed operation of a motor vehicle in the third degree, and imposing sentence.




Per Curiam.
Judgment of conviction (Thomas Carroll, J.H.O.), rendered December 21, 2016, affirmed.
The accusatory instrument was not jurisdictionally defective. It charged all the elements of aggravated unlicensed operation of a motor vehicle in the third degree (see Vehicle and Traffic Law § 511[1][a]), the offense to which defendant pleaded guilty. Contrary to defendant's present contention, allegations that "the key was in the ignition, the engine was running and the defendant was behind the wheel" satisfied the operation element of the offense (see People v Alamo, 34 NY2d 453, 458-459 [1974]; People v Almanzar, 113 AD3d 527 [2014], lv denied 23 NY3d 1059 [2014]). The factual allegations were also sufficient for pleading purposes to establish that defendant knew, or had reason to know, that his license was suspended. The instrument recited that a computer check run by the officer of the records of the Department of Motor Vehicles showed that "defendant's license was suspended three or more times on at least three separate dates for failure to answer a summons and failure to post bond and has not been reinstated," and "all such summons have printed on them, 'If you do not answer this ticket by mail within fifteen days, your license will be suspended' [and that] the suspension occurs automatically (by computer) within four weeks of the defendant's failure to answer" (see People v Gerado, 55 Misc 3d 127[A], 2017 NY Slip Op 50344[U] [App Term, 1st Dept 2017], lv denied 29 NY3d 1079 [2017]; People v Maldonado, 42 Misc 3d 81 [2013]).
The record fails to support the conclusion that defendant's guilty plea was knowing, intelligent and voluntary, since the court, after defendant expressed confusion about the term [*2]"Boykin rights," failed to address any of the constitutional rights defendant was waiving (see People v Conceicao, 26 NY3d 375, 383-85 [2015]; People v Tyrell, 22 NY3d 359, 365-366 [2013]). Nevertheless, the only relief defendant requests is dismissal of the information, and he expressly requests this Court to affirm his conviction if it does not grant a dismissal. Since it cannot be said that no penological purpose would be served by reinstating the third degree unlicensed operation of a motor vehicle charge (see People v Murray, 46 Misc 3d 136[A], 2014 NY Slip Op 51891[U][App Term 1st Dept 2014]; see also People v Conceicao, 26 NY3d at 385 n 1; People v Teron, 139 AD3d 450 [2016]), dismissal is not warranted and therefore we affirm.
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur
Decision Date: April 25, 2018