The People of the State of New York, Respondent,
against
Fidel Martinez, Appellant.




New York City Legal Aid Society (Joanne Legano Ross of counsel), for appellant.
Kings County District Attorney (Leonard Joblove and Gamaliel Marrero of counsel), for respondent.

Appeal from a judgment of the Criminal Court of the City of New York, Kings County (John T. Hecht, J., at plea; Andrew Borrok, J., at sentencing), rendered January 29, 2016. The judgment convicted defendant, upon his plea of guilty, of aggravated unlicensed operation of a motor vehicle in the third degree.




ORDERED that the judgment of conviction is affirmed.
After waiving his right to be prosecuted by an information, defendant pleaded guilty to aggravated unlicensed operation of a motor vehicle in the third degree (Vehicle and Traffic Law § 511 [1] [a]) in satisfaction of an accusatory instrument charging defendant with that offense as well as with other offenses. On appeal, defendant contends that the count of the accusatory instrument charging him with aggravated unlicensed operation of a motor vehicle in the third degree was facially insufficient in that it failed to sufficiently allege that he knew, or should have known, that his driver's license had been suspended.
Since defendant's contention regarding the facial sufficiency of the accusatory instrument with respect to the charge of aggravated unlicensed operation of a motor vehicle in the third degree raises a jurisdictional issue, it must be reviewed on appeal even though defendant did not raise this contention in the Criminal Court (see People v Dreyden, 15 NY3d 100, 103 [2010]; People v Kalin, 12 NY3d 225, 229 [2009]; People v Konieczny, 2 NY3d 569 [2004]). As defendant waived his right to be prosecuted by an information, the facial sufficiency of the accusatory instrument must be measured by the standard required of misdemeanor complaints (see People v Dumay, 23 NY3d 518, 522 [2014]).
The factual allegations of the accusatory instrument herein state that the deponent was informed by the informant that the informant had "conducted a check of the official, computerized Department of Motor Vehicles driving record(s)" relating to defendant, and the records "indicated that . . . defendant was driving with his privilege to do so having been suspended in the State of New York . . . that . . . defendant had 6 suspensions on 2 dates"; that all of the summonses have printed on them the warning "if you don't answer this ticket by mail within 15 days your license will be suspended"; and that the "New York State Department of Motor Vehicles mails a notice of suspension to any such person at their last known address." We find that the aforementioned allegations set forth facts of an evidentiary character supporting or tending to support the charge of aggravated unlicensed operation of a motor vehicle in the third degree (see CPL 100.15 [3]; 100.40 (4) (a); Vehicle and Traffic Law § 511 [1] [a]) and provide reasonable cause to believe that defendant had committed the offense charged (see CPL 100.40 [4] [b]), including that defendant knew, or had reason to know, of the suspension of his driver's license (see Vehicle and Traffic Law § 511 [1]; People v Scott, 47 Misc 3d 138[A], 2015 NY Slip Op 50588[U], *1-2 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2015]; People v Benitez, 44 Misc 3d 129[A], 2014 NY Slip Op 50987[U], *1-2 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2014]; People v Maldonado, 42 Misc 3d 81, 85 [App Term, 2d Dept, 2d, 11th & 13th Jud 2013]; People v Austin, 34 Misc 3d 136[A], 2011 NY Slip Op 52402[U], *2 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2011]).
Accordingly, the judgment of conviction is affirmed.
ELLIOT, J.P., WESTON and SIEGAL, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: October 26, 2018