The People of the State of New York, Respondent,
against
Hualberto Torres, Appellant.




New York City Legal Aid Society (Denise Fabiano of counsel), for appellant.
Kings County District Attorney (Leonard Joblove and Seth M. Lieberman of counsel), for respondent.

Appeal from a judgment of the Criminal Court of the City of New York, Kings County (Michael J. Yavinsky, J.), rendered September 10, 2015. The judgment convicted defendant, upon his plea of guilty, of aggravated unlicensed operation of a motor vehicle in the third degree.




ORDERED that the judgment of conviction is affirmed.
After waiving his right to be prosecuted by an information, defendant pleaded guilty to aggravated unlicensed operation of a motor vehicle in the third degree (Vehicle and Traffic Law § 511 [1] [a]) in satisfaction of an accusatory instrument charging defendant with multiple offenses, including that one. On appeal, defendant contends that the charge to which he pleaded guilty was facially insufficient in that it was not alleged sufficiently in the accusatory instrument that defendant had known, or should have known, that his driver's license had been suspended.
Although defendant challenges, for the first time on appeal, the facial sufficiency of the charge to which he pleaded guilty, because facial sufficiency "is jurisdictional . . . [it] may be raised on appeal even though defendant did not raise this contention in the Criminal Court" (People v Burca, 58 Misc 3d 147[A], 2018 NY Slip Op 50040[U], *1 [App Term, 2d Dept, 2d, [*2]11th & 13th Jud Dist 2018]; see People v Dreyden, 15 NY3d 100, 103 [2010]). As defendant waived prosecution by information, the facial sufficiency of the accusatory instrument, or any charge therein, must be analyzed pursuant to the standards governing a misdemeanor complaint, which is "sufficient on its face when it alleges facts of an evidentiary character supporting or tending to support the charge (see CPL 100.15 [3]) and provides reasonable cause to believe that the defendant committed the crime charged (see CPL 100.40 [4] [b]; People v Dumas, 68 NY2d 729, 731 [1986])" (People v Medina, 59 Misc 3d 146[A], 2018 NY Slip Op 50765[U],*2 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2018]; see People v Dumay, 23 NY3d 518, 524 [2014]).
The averments of the accusatory instrument at bar sufficiently allege every element of the charge of aggravated unlicensed operation of a motor vehicle in the third degree. It is alleged that the deponent police officer (1) observed defendant operating a motor vehicle; (2) checked Department of Motor Vehicles (DMV) computerized records that showed that defendant's license was suspended for failure to answer a New York Police Department summons; (3) knows that all such summonses contain a printed warning that the failure to answer within 15 days would result in license suspension; and (4) knows that the DMV mails a notice of suspension to affected persons at their last known address.[FN1]
These allegations set forth sufficient facts of an evidentiary character that support or tend to support the charge of aggravated unlicensed operation of a motor vehicle in the third degree, including that defendant knew, or had reason to know, of the suspension of his driver's license (see e.g. People v Martinez, 61 Misc 3d 135[A], 2018 NY Slip Op 51514[U], *1 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2018]; People v Scott, 47 Misc 3d 138[A], 2015 NY Slip Op 50588[U], *1-2 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2015]; People v Benitez, 44 Misc 3d 129[A], 2014 NY Slip Op 50987[U], *1-2 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2014]; People v Maldonado, 42 Misc 3d 81, 85 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2013]; People v Austin, 34 Misc 3d 136[A], 2011 NY Slip Op 52402[U], *2 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2011]).

Accordingly, the judgment of conviction is affirmed.

PESCE, P.J., ALIOTTA and ELLIOT, JJ., concur.



ENTER:

Paul Kenny

Chief Clerk

Decision Date: June 07, 2019



Footnotes

Footnote 1: Although the allegation that the DMV has a policy of mailing suspension notices is based upon hearsay, as the deponent police officer clearly is not a custodian of DMV records, and no supporting deposition was submitted to convert this claim, this does not affect the sufficiency of the accusatory instrument in this case since defendant waived prosecution by information.