[16 NE3d 1150, 992 NYS2d 672]

The People of the State of New York, Respondent, v Joseph Dumay, Appellant.

Argued May 1, 2014; decided June 5, 2014

## POINTS OF COUNSEL

*Steven Banks, The Legal Aid Society*, New York City (*Amy Donner* of counsel), for appellant. The accusatory instrument charging appellant with second-degree obstructing governmental administration was jurisdictionally defective because it failed to allege evidentiary facts to support its conclusory allegation that appellant intentionally physically interfered with the police officers' attempt to patrol. (*People v Dreyden*, 15 NY3d 100; *People v Alejandro*, 70 NY2d 133; *People v Jackson*, 18 NY3d 738; *People v Casey*, 95 NY2d 354; *People v Dumas*, 68 NY2d 729; *People v Kalin*, 12 NY3d 225; *People v Case*, 42 NY2d 98; *Matter of Davan L.*, 91 NY2d 88; *People v Roman*, 23 Misc 3d 56; *People v Rodriquez*, 19 Misc 3d 302.)

*Charles J. Hynes, District Attorney*, Brooklyn (*Adam M. Koelsch* and *Leonard Joblove* of counsel), for respondent. The count of obstructing governmental administration in the second degree was facially sufficient. (*People v Maldonado*, 86 NY2d 631; *People v Mercado*, 68 NY2d 874; *People v McRay*, 51 NY2d 594; *People v Suber*, 19 NY3d 247; *People v Alejandro*, 70 NY2d 133; *People v Keizer*, 100 NY2d 114; *People v Weinberg*, 34 NY2d 429; *People v Fernandez*, 20 NY3d 44; *People v Herbert*, 31 Misc 3d 131[A], 2011 NY Slip Op 50588[U]; *People v Wilson*, 30 Misc 3d 138[A], 2011 NY Slip Op 50221[U].)

## OPINION OF THE COURT

RIVERA, J.

On appeal, defendant Joseph Dumay challenges the facial sufficiency of the People's accusatory instrument, which charged him with, inter alia, obstructing governmental administration

in the second degree by preventing a police officer from patrolling the neighborhood. We hold that defendant waived prosecution by information, and the accusatory instrument met the factual sufficiency requirements of a misdemeanor complaint.

Defendant was arrested on a public street in Brooklyn, New York, for obstructing a police officer's exercise of his official duties. According to the accusatory instrument, defendant "slammed the trunk of [the police officer's] radio mounted patrol vehicle with an open hand and prevented said vehicle from moving by standing behind it and preventing [the police officer] from patrolling the neighborhood."

Defendant agreed to plead guilty to obstructing governmental administration in exchange for a 15 day sentence.* The court asked defense counsel if defendant waived prosecution by information, and defense counsel replied, "So waive." During the subsequent plea allocution, defendant admitted the facts as alleged in the accusatory instrument, and the court sentenced defendant to 15 days in accordance with the plea agreement.

Thereafter, defendant unsuccessfully appealed his conviction to the Appellate Term. Defendant maintained that, notwithstanding his counsel's statement, he did not waive prosecution by information, and as a consequence the accusatory instrument was subject to the legal standards applicable to a misdemeanor information, rather than a complaint. Under those standards, defendant maintained that the accusatory instrument was jurisdictionally defective because the charge of obstructing governmental administration was only supported by conclusory statements.

The Appellate Term affirmed defendant's conviction. Initially, the Court found that defendant's challenge was jurisdictional and therefore did not require preservation. On the merits, the Court found that defendant expressly waived his right to prosecution by information, requiring the instrument to be evaluated as a misdemeanor complaint. Under that standard, the Court concluded, the allegations were sufficient to support a charge of obstructing governmental administration (*People v Dumay*, 36 Misc 3d 159[A], 2012 NY Slip Op 51809[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2012]). A Judge of this Court granted leave to appeal (21 NY3d 1004 [2013]) and we now affirm.

---

* At defendant's arraignment, defense counsel orally challenged the facial sufficiency of the accusatory instrument, but failed to put the motion in writing, as directed by the court. Instead, at the following court date, defendant pleaded guilty.

"A valid and sufficient accusatory instrument is a nonwaivable jurisdictional prerequisite to a criminal prosecution" (*People v Dreyden*, 15 NY3d 100, 103 [2010], citing *People v Case*, 42 NY2d 98, 99 [1977], and *People v Hansen*, 95 NY2d 227, 230 [2000]). Under the CPL, a court must use one of two instruments to take jurisdiction over a defendant accused of a misdemeanor: a misdemeanor complaint or a misdemeanor information. A misdemeanor complaint authorizes jurisdiction over an accused, and can commence a criminal action and allow the state to jail the defendant for up to five days, but it cannot serve as a basis for prosecution, unless the defendant waives prosecution by information (*see* CPL 100.10 [4]; 120.20 [1] [a]; 170.65 [1], [3]; 170.70; *People v Kalin*, 12 NY3d 225, 228 [2009]). Concomitantly, unless waived, a valid information is a jurisdictional requirement for a misdemeanor prosecution (*see* CPL 100.10 [4]; *Kalin*, 12 NY3d at 228).

A misdemeanor information must set forth "nonhearsay allegations which, if true, establish every element of the offense charged and the defendant's commission thereof" (*Kalin*, 12 NY3d at 228-229, citing *People v Henderson*, 92 NY2d 677, 679 [1999], and CPL 100.40 [1] [c]). We have called this "the prima facie case requirement" (*Kalin*, 12 NY3d at 229 [internal quotation marks omitted]). An information serves the same role in a misdemeanor prosecution as a grand jury indictment does in a felony case: it ensures that a legally sufficient case can be made against the defendant (*see People v Alejandro*, 70 NY2d 133, 138-139 [1987]). A misdemeanor complaint, in comparison, need only set forth facts that establish reasonable cause to believe that the defendant committed the charged offense (*see Kalin*, 12 NY3d at 228).

A defendant may knowingly and intelligently waive prosecution by misdemeanor information, as demonstrated by an affirmative act (*see People v Casey*, 95 NY2d 354, 359 [2000]; *People v Weinberg*, 34 NY2d 429, 431 [1974]). When the defendant waives prosecution by information, he or she declines the protection of the statute, and the accusatory instrument must only satisfy the reasonable cause requirement (*see* CPL 170.65 [1], [3]; *Kalin*, 12 NY3d at 228).

Here, defendant argues that he never effectuated a lawful waiver of his right to prosecution by information, and, therefore, the accusatory instrument is an information that is subject to the prima facie case requirement. This argument is completely without factual record support. Defense counsel replied "So

waive" in open court, in defendant's presence, and in response to Criminal Court's direct inquiry as to whether defendant waived prosecution by information. This statement communicated, in no uncertain terms, defendant's choice to waive his right.

To avoid the obvious consequences of the facts as found in the record, defendant argues that his waiver was a legal nullity because the People charged and arraigned him by information. This argument is based on the flawed premise that a defendant cannot waive prosecution by information when the People have initiated the case by information, rather than by complaint. Nothing in the CPL or our case law supports this idea. Indeed, CPL 170.65 specifically allows a defendant to waive prosecution by information, which necessarily entails forgoing the statutory protections required of an information and submitting to prosecution by complaint. A defendant's knowing and voluntary waiver is valid regardless of whether the criminal action commences by information or complaint.

Defendant seeks to draw support for his argument from our opinion in *People v Fernandez* (20 NY3d 44 [2012]). In that case, the defendant was charged with aggravated unlicensed operation of a motor vehicle by an accusatory instrument titled "complaint/information" (*id*. at 47). The defendant argued that the instrument was a facially insufficient misdemeanor complaint (*id*. at 48). We held that an accusatory instrument should be evaluated based on its substance and not its label, and concluded that the accusatory instrument was sufficient to serve as a simplified traffic information because it was substantially in the form prescribed by the Commissioner of Motor Vehicles, thus meeting all applicable legal requirements (*id*. at 51-53).

Defendant's reliance on *Fernandez* is misplaced. Here, we are not asked to give the proper name to an ambiguously titled accusatory instrument. Instead, we must decide which legal standard to use for evaluating the instrument's sufficiency. Despite defendant's assertions to the contrary, the record leads to the inevitable conclusion that he validly waived his right to prosecution by information. Thus, the proper legal standard is that required of a complaint. Absent any claim or proof that the defendant's waiver was not intelligent, knowing, and voluntary, he cannot now seek the statutory protections that he waived.

Moreover, adopting defendant's interpretation of the statute would allow defendants to manipulate the plea bargaining

system. By pleading guilty and waiving prosecution by information, a defendant signals an end to any challenge to an information's factual sufficiency. If a defendant can later appeal a knowing and voluntary plea by resuming the same sufficiency argument the defendant had forsaken in the trial court, it would undermine the finality of the conviction. The unintended result could be prosecutors who are no longer willing to broker plea bargains in misdemeanor cases for fear of endless litigation over the accusatory instrument.

Having rejected defendant's waiver argument we must measure the facial sufficiency of the accusatory instrument by the standard required of misdemeanor complaints. A misdemeanor complaint is adequate if it provides the defendant "with sufficient notice of the charged crime to satisfy the demands of due process and double jeopardy" (*Dreyden*, 15 NY3d at 103, citing *Kalin*, 12 NY3d at 231-232, and *Casey*, 95 NY2d at 366). As we have said, the instrument's factual allegations must establish " 'reasonable cause' to believe that the defendant committed the charged offense" (*Kalin*, 12 NY3d at 228).

Defendant challenges the sufficiency of the instrument in two respects. First, he argues that the instrument fails to support the intent element of the crime. Second, he argues that the instrument does not allege sufficient facts to show that he actually interfered with the officer's patrol.

A person is guilty of obstructing governmental administration when that person "intentionally obstructs, impairs or perverts the administration of law or other governmental function or prevents or attempts to prevent a public servant from performing an official function, by means of intimidation, physical force or interference" (Penal Law § 195.05). The interference must be "in part at least, physical in nature" (*People v Case*, 42 NY2d 98, 102 [1977]), but "criminal responsibility should attach to minimal interference set in motion to frustrate police activity" (*Matter of Davan L.*, 91 NY2d 88, 91 [1997]).

Here, the factual part of the instrument consists of averments by the arresting officer setting forth the elements of obstructing governmental administration in the second degree. It provides the date, time, and location of this offense. It states that defendant committed the crime when he slammed the trunk of the officer's patrol vehicle with his open hand and prevented the officer from patrolling the neighborhood by standing behind the police car. Thus, the accusatory instrument

supplies enough evidentiary facts to provide reasonable cause to believe that defendant obstructed a police officer from performing an official function.

■ Defendant asserts that the instrument lacks sufficient facts to establish his intent. While a bare assertion that defendant was merely standing behind the police vehicle would be insufficient to establish reasonable cause to believe he was intending to prevent the officer from patrolling the neighborhood, the instrument asserts more. The fact that defendant struck a "radio mounted patrol vehicle"—i.e., a marked police car—shows his awareness that the vehicle was used for official governmental business. He intentionally struck the vehicle with that awareness. Further, the allegation that defendant was "standing behind" the police vehicle indicates that defendant intentionally stood stationary behind the car and did not merely walk past it or innocently cross between it and other parked cars. A reasonable person can conclude that standing still behind a police car will impede its movements.

Nevertheless, defendant argues that the instrument does not provide enough facts to support the intent element of the crime because it does not specifically state that defendant knew the officer was trying to patrol the neighborhood. However, intent may be inferred "from the act itself" (*People v Bracey*, 41 NY2d 296, 301 [1977]). A reasonable person could infer from the facts alleged that defendant struck the vehicle's trunk and blocked its backward movements in order to stop the officer from backing up.

■ Defendant also argues that the instrument does not allege enough facts to support the obstruction element of the charged crime. According to defendant, the instrument does not show that he actually obstructed the police vehicle because it does not make clear that the vehicle's only possible egress was to back up. Defendant's argument would require the accusatory instrument to negate every possible way by which the police officer could have moved the vehicle in order to patrol. Defendant would also require the complaint to allege facts sufficient for a conviction after trial, but the CPL only requires the People to show reasonable cause to believe that the defendant committed the crime charged (*see e.g. Kalin*, 12 NY3d at 228-229; *People v Dumas*, 68 NY2d 729, 731 [1986]).

■ Finally, defendant argues that the instrument does not provide enough information to put him on notice of the crime.

However, the obvious implication of the factual recitation is that when defendant stood behind the police vehicle, he blocked the police from moving it, and, thus, he prevented the police officer from patrolling. The instrument states the time, date, and location of these events, and this information is sufficient to prevent defendant from facing double jeopardy on the same charges.

The order of the Appellate Term should be affirmed.

PIGOTT, J. (dissenting). The majority states the correct standard for whether a misdemeanor complaint is jurisdictionally defective, but then misapplies the rule in this case. Therefore, I dissent.

Under the Criminal Procedure Law, "[t]he factual part of a misdemeanor complaint must allege 'facts of an evidentiary character' (CPL 100.15 [3]) demonstrating 'reasonable cause' to believe the defendant committed the crime charged (CPL 100.40 [4] [b])" (*People v Dreyden*, 15 NY3d 100, 102-103 [2010], quoting *People v Dumas*, 68 NY2d 729, 731 [1986]). "[T]he charge must be supported by evidentiary facts showing the basis for the conclusion" that a crime was committed (*Dreyden*, 15 NY3d at 103 [internal quotation marks omitted], quoting *Dumas*, 68 NY2d at 731), rather than merely accompanied by a "conclusory statement" (*Dreyden*, 15 NY3d at 103, quoting *People v Kalin*, 12 NY3d 225, 229 [2009]) alleging the crime.

The mens rea of the crime of second-degree obstructing governmental administration (Penal Law § 195.05) is the *intent* to obstruct governmental function, here the intent to prevent a police officer from performing his patrol duties (*see generally People v Case*, 42 NY2d 98, 102 [1977]). The only pertinent actions by defendant alleged in the accusatory instrument are slamming the trunk of the patrol vehicle while standing behind it. Such behavior is consistent with the actions of a confused, disturbed individual who displays short-lived anger towards a police officer, but fails to imply that the defendant possessed the requisite intent to prevent the officer "from patrolling the neighborhood."

Had the accusatory instrument stated that a police officer directed defendant to move, or that the police told defendant that he should not remain standing behind the patrol car, or that the officer was actually attempting to drive the vehicle at the time defendant was standing behind it, one might infer that defendant intended to impede the officer. But no such

evidentiary facts are present in this accusatory instrument. Indeed the instrument does not assert that the police officer spoke to defendant at all or was attempting to drive the patrol car. While it may be assumed that defendant was aware that the vehicle in question was a patrol car, used by a police officer, this awareness "cannot be equated with [understanding] a direct order of an officer to a defendant to do or not do something" (*People v Berdini*, 18 Misc 3d 221, 224 [Crim Ct, NY County 2007]).

The test of whether a flaw in an accusatory instrument is a jurisdictional defect "is, simply, whether the accusatory instrument failed to supply defendant with sufficient notice of the charged crime to satisfy the demands of due process and double jeopardy" (*Dreyden*, 15 NY3d at 103, citing *Kalin*, 12 NY3d at 231-232, and *People v Casey*, 95 NY2d 354, 366 [2000]). Here, the factual allegations in the accusatory instrument failed to give defendant notice sufficient to enable preparation of a defense. A reasonable person would not readily infer from the accusatory instrument that he stood accused of a crime involving the intent to prevent a police officer from carrying out his official duties.

Therefore, I would reverse the Appellate Term's order and, since defendant has already served his sentence for this relatively minor crime (*People v Allen*, 39 NY2d 916, 917-918 [1976]; *see Dreyden*, 15 NY3d at 104; *see also e.g. People v Hightower*, 18 NY3d 249, 253 [2011]; *People v Simmons*, 32 NY2d 250, 253 [1973]; *People v Scala*, 26 NY2d 753, 754 [1970]), I would dismiss the accusatory instrument.

Chief Judge LIPPMAN and Judges GRAFFEO, READ and SMITH concur with Judge RIVERA; Judge PIGOTT dissents in an opinion in which Judge ABDUS-SALAAM concurs.

Order affirmed.