OPINION OF THE COURT
Per Curiam.
Judgment of conviction, rendered September 14, 2011, reversed, on the law, accusatory instrument dismissed and surcharge, if paid, remitted.
In view of defendant’s knowing waiver of the right to be prosecuted by an information, “the facial sufficiency of the accusatory instrument” must be measured “by the standard required of misdemeanor complaints” (People v Dumay, 23 NY3d 518, 524 [2014]). Even when viewed under this more liberal standard, the accusatory instrument was jurisdictionally defective, since it fails to allege “facts of an evidentiary character” (CPL 100.15 [3]) demonstrating “reasonable cause” to believe (CPL 100.40 [4] [b]) that defendant was guilty of attempted unlawful possession, transportation and sale of untaxed cigarettes (see Penal Law § 110.00; Tax Law § 1814 [b]). The factual portion of the complaint comprises only the arresting officer’s allegations that, at a particular date, time and street location, defendant handed an individual an unidentified “small object” in exchange for money, that four packs of Newport cigarettes were recovered from defendant’s various pockets, and that none of the packs contained a tax stamp. Absent from the People’s pleading were any facts to justify the inference that the “small object” exchanged by defendant for currency was either a pack of cigarettes or loose cigarettes (see People v Jones, 90 NY2d 835 [1997]; People v McRay, 51 NY2d 594 [1980]; cf. People v Fofana, 15 Misc 3d 136[A], 2007 NY Slip Op 50807 [U] [App Term, 1st Dept 2007] [defendant observed handing a pack of cigarettes to another in exchange for cash], lv denied 9 NY3d 865 [2007], denied reconsideration 9 NY3d 875 [2007]). Nor can an intent to possess cigarettes for the purpose of sale be inferred from defendant’s possession of the cigarettes, since possession in one’s pockets of four packs of *23 a single brand of cigarettes, two of which were open, was not inconsistent with personal use (cf. People v Mercado, 77 AD3d 501, 502 [2010] [“Although there was no allegation that defendant displayed the unstamped cigarettes he possessed, the allegation that he was calling out ‘Cigarettes, loosies’ established an offer to sell those cigarettes, since the conduct alleged had no other reasonable interpretation”], lv denied 16 NY3d 833 [2011]; People v Fofana [defendant possessed assorted brands of cigarettes, which were contained in bags or boxes that he was holding or standing next to]; People v Hall, 21 Misc 3d 1104[A], 2008 NY Slip Op 51948[U], *5 [Rochester City Ct 2008] [“Defendant’s intent to possess unstamped cigarettes for the purpose of sale can be inferred both by the assertion that he was observed selling the cigarettes, and by the assertions that he possessed thirty-four unopened packs of cigarettes and $587.00 in small bills”]).
In light of this disposition, we need not and do not address defendant’s remaining points.
Lowe, III, P.J., Shulman and Hunter, Jr., JJ., concur.