The People of the State of New York, Respondent, 
against
Oscar Barabondeka, Defendant-Appellant.



Defendant appeals from a judgment of the Criminal Court of the City of New York, New York County (Diana M. Boyar, J.), rendered January 24, 2012, convicting him, upon a plea of guilty, of aggravated unlicensed operation of a motor vehicle in the second degree, and imposing sentence.




Per Curiam.
Judgment of conviction (Diana M. Boyar, J.), rendered January 24, 2012, affirmed.
In view of defendant's knowing waiver of his right to prosecution by information, the accusatory instrument only had to satisfy the reasonable cause requirement (see People v Dumay, 23 NY3d 518 [2014]). So viewed, the accusatory instrument was jurisdictionally valid, since it described facts of an evidentiary nature establishing reasonable cause to believe that defendant was guilty of aggravated unlicensed operation of a motor vehicle in the second degree (see Vehicle and Traffic Law § 511[2][a][iv]). The accusatory instrument alleged, inter alia, that at a specified time and location, defendant was observed operating a motor vehicle; that the computer check run by the officer of Department of Motor Vehicles records showed that defendant's driver's license had been suspended "on more than five times on more than five dates and has not been reinstated;" and that "defendant's license was suspended for failure to answer a New York summons." These factual allegations, given "a fair and not overly restrictive or technical reading" (People v Casey, 95 NY2d 354, 360 [2000]), were sufficient, for pleading purposes to establish the elements of the charged offense, including that defendant had "in effect three or more suspensions, imposed on at least three separate dates, for failure to answer, appear or pay a fine" (Vehicle and Traffic Law § 511[2][a][iv]; see People v Porras, 46 Misc 3d 149[A], 2015 NY Slip Op 50248[U] [App Term, 1st Dept. 2015], lv denied 25 NY3d 1206 [2015]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur
Decision Date: March 24, 2016