The People of the State of New York, Respondent,
against
Bradley Lawrence, Defendant-Appellant.



Defendant appeals from a judgment of the Criminal Court of the City of New York, New York County (Matthew Sciarrino, Jr., J. at plea and sentencing; Jennifer G. Schecter, J. at re-sentencing), rendered August 30, 2012, convicting him, upon a plea of guilty, of driving while intoxicated, and imposing sentence.




Per Curiam.
Judgment of conviction (Matthew Sciarrino, Jr., J. at plea and sentencing; Jennifer G. Schecter, J. at re-sentencing), rendered August 30, 2012, affirmed.
The accusatory instrument, which in this case was required to meet the standards that apply to a misdemeanor complaint (see People v Dumay, 23 NY3d 518, 521 [2014]), was legally sufficient to charge defendant with driving while intoxicated (see Vehicle and Traffic Law § 1192[3]). The arresting officer alleged that defendant operated a motor vehicle, that he had "watery and bloodshot eyes," "the odor of an alcoholic beverage on his breath," and that he refused to submit to a breath test (see People v Fiumara, 116 AD3d 421 [2014], lv denied 23 NY3d 1036 [2014]). No additional details were required for the People's pleading to provide "adequate notice to enable defendant to prepare a defense and invoke his protection against double jeopardy" (People v Kasse, 22 NY3d 1142, 1143 [2014]). Contrary to defendant's present contention, there was no requirement that the accusatory instrument also contain an allegation of erratic driving (see People v Fiumara, 116 AD3d at 421).
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur
Decision Date: October 17, 2016