The People of the State of New York, Respondent,
against
Yuxi Zhang, Defendant-Appellant.



Defendant appeals from a judgment of the Criminal Court of the City of New York, New York County (Anthony J. Ferrara, J.), rendered March 21, 2013, convicting him, upon a plea of guilty, of unlicensed general vending, and imposing sentence.




Per Curiam.
Judgment of conviction (Anthony J. Ferrara, J.), rendered March 21, 2013, reversed, on the law, the accusatory instrument is dismissed and fine, if paid, remitted. 
Even viewing the facial sufficiency of the accusatory instrument under the standard required of a misdemeanor complaint (see People v Dumay, 23 NY3d 518 [2014]), it was jurisdictionally defective. The factual allegations, namely, that defendant was holding and displaying "a flyer" depicting handbags and watches, speaking to passersby on the street while pointing to items in the flyer, and that when approached, defendant stated "handbag," were insufficient to support the unlicensed general vending charge (see Administrative Code of City of NY § 20-453; cf. People v Kasse, 22 NY3d 1142 [2014]).
The overall purposes of the unlicensed general vending law are to: keep the public streets free of congestion for the convenience and safety of its citizens; maintain the tax base and economic viability of the City; and prevent the sale of stolen, defective or counterfeit merchandise (see Mastrovincenzo v City of New York, 435 F3d 78, 99 [2nd Cir 2006]). Particularly given the specific factual allegation that the alleged merchandise was displayed only on a flyer, as well as the absence of any allegations that defendant possessed any items of merchandise, quoted any price, or exchanged goods for currency, the accusatory instrument failed to establish reasonable cause to believe that defendant was engaging in the conduct required for acting as a general vendor (see People v Abdurraheem, 94 AD3d 569 [2012], lv denied 19 NY3d 970 [2012]; People v Lawson, 51 Misc 3d 134[A], 2016 NY Slip Op 50538[U] [App Term, 1st Dept 2016]; see also People v Soumare, 51 Misc 3d 153[A], 2016 NY Slip Op 50896[U] [App Term, 1st Dept 2016]; People v Xiangmei Zhang, 51 Misc 3d 141[A]; 2016 NY Slip Op 50642[U][App Term, 1st Dept 2016], lv denied ___ NY3d ___ [2016]). 
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur
Decision Date: October 21, 2016