The People of the State of New York, Respondent,
against
Brandon Polgar, Defendant-Appellant.



Defendant appeals from a judgment of the Criminal Court of the City of New York, New York County (Kate Paek, J.), rendered October 5, 2015, convicting him, upon his plea of guilty, of criminal possession of a forged instrument in the third degree, and imposing sentence.




Per Curiam.
Judgment of conviction (Kate Paek, J.) rendered October 5, 2015, affirmed.
In view of the defendant's knowing waiver of his right to prosecution by information, the facial sufficiency of the accusatory instrument must be assessed under the standard required of a misdemeanor complaint (see People v Dumay, 23 NY3d 518, 522 [2014]). So viewed, the accusatory instrument was jurisdictionally valid because it described facts of an evidentiary nature establishing reasonable cause to believe that defendant was guilty of criminal possession of a forged instrument in the third degree (see Penal Law § 170.20). Police allegations that defendant was observed inside a specified subway station, "bending a MetroCard along the magnetic strip" in a manner that the officer knew, based on his training and experience "can alter a card with zero balance so that it will still provide a ride to the user" and that the police recovered two additional MetroCards from defendant's wallet that were also bent along the magnetic strip, provided reasonable cause to believe that the MetroCards in defendant's possession constitute "forged instruments" within the meaning of the forgery statute (see People v Mattocks, 12 NY3d 326, 330 [2009]; People v McFarlane, 63 AD3d 634, 635 [2009], lv denied 13 NY3d 837 [2009]; see also People v Curry, 71 AD3d 418 [2010]). No additional evidentiary details were required for the People's pleading to provide "adequate notice to enable defendant to prepare a defense and invoke his protection against double jeopardy" (People v Kasse, 22 NY3d 1142, 1143 [2014]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur
Decision Date: January 13, 2017