The People of the State of New York, Respondent,
against
Eric Williams, Appellant.




Calhoun & Lawrence, LLP. (Clinton W. Calhoun, III of counsel), for appellant.
Westchester County District Attorney (Christine DiSalvo and William C. Milaccio of counsel), for respondent.

Appeal from a judgment of the Justice Court of the Town of Cortlandt, Westchester County (Daniel F. McCarthy, J.), rendered August 10, 2017. The judgment convicted defendant, upon his plea of guilty, of obstructing governmental administration in the second degree, and imposed sentence.




ORDERED that the judgment of conviction is affirmed.
Defendant was charged in a felony complaint with assault in the second degree (Penal Law § 120.05). At a plea proceeding, the People filed a misdemeanor complaint charging defendant with a new charge of obstructing governmental administration in the second degree (Penal Law § 195.05), wherein it was alleged, among other things, that, while state troopers had been performing an official function, defendant had bitten one of them on the right hand, causing a deep laceration, and had also tried to bite the trooper's leg when the trooper was attempting to handcuff defendant in order to transport defendant to the hospital via ambulance for evaluation.
At the plea proceeding, defendant's attorney acknowledged that defendant would be [*2]pleading guilty to the charge of obstructing governmental administration in the second degree in full satisfaction of the charges, and he waived a reading of the new charge. In the course of the plea colloquy, defendant stated that he understood that, by virtue of his guilty plea, he was forfeiting his right to remain silent and his right to a jury trial. Initially, defendant indicated to the court that he did not understand the immigration consequences that may arise from his guilty plea. However, after an off-the-record discussion with his attorney, defendant acknowledged that he now fully understood the immigration consequences of his guilty plea. Additionally, defendant executed a misdemeanor waiver of rights form, which included a recitation of the trial-related constitutional rights forfeited by a guilty plea; a statement that he understood that, if he was not a citizen of the United States, his guilty plea might result in his deportation; and a statement that he had had the opportunity to discuss the plea with his attorney before pleading guilty and that he was satisfied with the representation of his counsel. The misdemeanor waiver of rights form, which also contained defendant's waiver of the right to be prosecuted by an information, was signed by defendant and his attorney. Defendant then pleaded guilty to obstructing governmental administration in the second degree.
On appeal, defendant contends that his guilty plea should be vacated because he was not arraigned on the new charge of obstructing governmental administration in the second degree; that the felony charge was not properly reduced; that the misdemeanor complaint charging defendant with obstructing governmental administration in the second degree is jurisdictionally defective; and that he was denied the effective assistance of counsel, since he was not advised of the immigration consequences of his guilty plea.
Defendant's claim that he was not arraigned on the charge of obstructing governmental administration, a procedural error, was forfeited by his guilty plea (see People v Robinson, 60 Misc 3d 133[A], 2018 NY Slip Op 51043[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2018]). In any event, when the misdemeanor complaint charging defendant with obstructing governmental administration in the second degree was filed, his attorney waived the reading of the charge. 
Contrary to defendant's contention, this case does not involve a reduction of the charge in the felony complaint, pursuant to CPL 180.50, but rather the dismissal altogether of the felony complaint and the filing of a new accusatory instrument containing a completely different charge of obstructing governmental administration in the second degree, based upon the same incident (see People v Robinson, 60 Misc 3d 133[A], 2018 NY Slip Op 51043[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2018]). Although the Justice Court did not expressly state that the felony complaint was dismissed, it was effectively dismissed, as the record indicates that defense counsel stated that defendant's guilty plea to obstructing governmental administration would be in full satisfaction of the previously filed felony charge, to which statement the court acquiesced (see id. at *1).
As defendant waived prosecution by information, the accusatory instrument's legal sufficiency must be evaluated under the standard governing a misdemeanor complaint (see [*3]People v Dumay, 23 NY3d 518, 524 [2014]), which is sufficient on its face when it alleges facts of an evidentiary character supporting or tending to support the charge (see CPL 100.15 [3]) and provides reasonable cause to believe that the defendant committed the crime charged (see CPL 100.40 [4] [b]; People v Dumas, 68 NY2d 729, 731 [1986]).
In attempting to transport defendant by ambulance to the hospital for evaluation, the trooper was performing the official function (see People v Dumay, 23 NY3d 518) of "supplying emergency help and assistance" to defendant (see People v De Bour, 40 NY2d 210, 218 [1976]) when defendant obstructed the trooper from doing so. Thus, the misdemeanor complaint was jurisdictionally sufficient, because it alleged facts of an evidentiary nature establishing reasonable cause to believe that defendant had committed the crime of obstructing governmental administration in the second degree. 
Contrary to defendant's contention, the record discloses that defendant was advised of the immigration consequences of his guilty plea in open court and in the misdemeanor waiver of his rights form which he signed and reviewed with the aid of counsel. To the extent that defendant's claim that he was denied the effective assistance of counsel is based upon an off-the-record conversation with his attorney regarding the immigration consequences of his guilty plea during the plea colloquy, defendant must raise the claim via a CPL 440.10 motion (see People v Peque, 22 NY3d 168, 202 [2013]; People v Owusu, 60 Misc 3d 130[A], 2018 NY Slip Op 50989[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2018]).
Accordingly, the judgment of conviction is affirmed.
TOLBERT, J.P., GARGUILO and EMERSON, JJ., concur.

ENTER:
Paul Kenny
Chief Clerk
Decision Date: March 21, 2019