<partyblock>

The People of the State of New York, Respondent,  

against

Elijah Valentin, Defendant-Appellant.

Defendant appeals from a judgment of the Criminal Court of the City of New York, New York County (Angela J. Badamo, J.), rendered May 2, 2018, convicting him, upon his plea of guilty, of attempted assault in the third degree and imposing sentence.

Per Curiam.

Judgment of conviction (Angela J. Badamo, J.), rendered May 2, 2018, affirmed.

Given defendant's knowing waiver of his right to prosecution by information, the facial sufficiency of the accusatory instrument must be assessed under the pleading standard required of a misdemeanor complaint (see People v Dumay, 23 NY3d 518 [2014]). So viewed, the accusatory instrument was jurisdictionally valid, since it described facts of an evidentiary nature establishing reasonable cause to believe that defendant was guilty of attempted assault in the third degree (see Penal Law  110/120.00[1]), the offense to which he ultimately pleaded guilty. At the pleading stage, defendant's intent to cause physical injury can be readily inferred from allegations that he "thr[e]w a garbage can at" the victim, which "struck her in the head," causing "swelling" on the "the right side of her head" (see Matter of Edward H., 61 AD3d 473 [2009]).

Defendant is not aggrieved by any alleged defects in charges of which he was not convicted (see People v Ruiz, 146 AD3d 417 [2017], lv denied 28 NY3d 1188 [2017]).

The record establishes that the defendant's guilty plea was knowing, intelligent and voluntary (see People v Conceicao, 26 NY3d 375 [2015]). At the plea proceeding, counsel agreed that defendant would plead guilty to attempted third degree assault, in exchange for a conditional discharge, the condition being that defendant attend the Exodus Common Unity Program, with a jail alternative of 30 days if he did not comply, and a final order of protection. In response to questioning from the court, defendant admitted his guilt to the underlying crime, stated that he was pleading guilty freely and voluntarily, and waived specific constitutional rights, including the right to trial and the right to remain silent. Defendant also executed a form acknowledging receipt of a written copy of the terms of the conditional discharge and its expiration date (see CPL 410.10[1]). Defendant's unsupported contention that his guilty plea was coerced is belied by the minutes of the plea proceeding.

In any event, the only relief defendant requests is vacatur of his conviction and the dismissal of the accusatory instrument, and he expressly requests that this court affirm his [*2]conviction if it does not grant dismissal. As dismissal is not warranted, we affirm on this basis as well (see People v Conceicao, 26 NY3d at 385 n 1).

THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.

I concur I concur

Decision Date: January 17, 2020

<form method="LINK" action="../../slipidx/at_1_idxtable.shtml">

<input type="submit" value="Return to Decision List">

</form>

</partyblock>