People v Henson (2020 NY Slip Op 51088(U))

[*1]

People v Henson (Crofton)

2020 NY Slip Op 51088(U) [68 Misc 3d 134(A)]

Decided on September 25, 2020

Appellate Term, First Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on September 25, 2020
SUPREME COURT, APPELLATE TERM, FIRST
DEPARTMENT

PRESENT: Edmead, P.J., Cooper, Higgitt, JJ.

571019/15

The People of the State of New York,
Respondent,
against
Crofton Henson, Defendant-Appellant.

Defendant appeals from a judgment of the Criminal Court of the City of New York, New
York County (Laurie Peterson, J.), rendered October 2, 2015, convicting him, upon his plea of
guilty, of endangering the welfare of a child, and imposing sentence.

Per Curiam.
Judgment of conviction (Laurie Peterson, J.), rendered October 2, 2015, affirmed.
Since defendant waived prosecution by information, the accusatory instrument had to satisfy
the reasonable cause standard applicable to a misdemeanor complaint (see People v
Dumay, 23 NY3d 518, 524 [2014]). So viewed, the accusatory instrument was
jurisdictionally valid, since it provided reasonable cause to believe that defendant was guilty of
endangering the welfare of a child (see Penal Law § 260.10[1]). The instrument
alleged that on August 20, 2015, at about 3:40 p.m., at a specified location that was
"approximately 50 feet away from a park in which approximately five children were playing,"
defendant was observed masturbating while "facing the children," with his pants at his ankles and
penis exposed, "moving his hand back and forth on his erect penis" (see People v Johnson,
95 NY2d 368, 372 [2000]; see also People v Perez, 35 NY3d 85, 97-98 [2020]).
These factual allegations were sufficient for pleading purposes since they provided adequate
notice to enable defendant to prepare a defense and invoke his protection against double jeopardy
(see People v Kasse, 22 NY3d 1142, 1143 [2014]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur
Decision Date: September 25, 2020