People v De La Cruz (2020 NY Slip Op 51089(U))

[*1]

People v De La Cruz (Yan)

2020 NY Slip Op 51089(U) [68 Misc 3d 134(A)]

Decided on September 25, 2020

Appellate Term, First Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on September 25, 2020
SUPREME COURT, APPELLATE TERM, FIRST
DEPARTMENT

PRESENT: Edmead, P.J., Cooper, Higgitt, JJ.

570024/16

The People of the State of New York,
Respondent,
against
Yan Carlos De La Cruz,
Defendant-Appellant.

Defendant appeals from a judgment of the Criminal Court of the City of New York, New
York County (Lisa A. Sokoloff, J. at plea; Laurie Peterson, J. at replea and sentencing), rendered
November 5, 2015, convicting him, upon his plea of guilty, of disorderly conduct, and imposing
sentence.

Per Curiam.
Judgment of conviction (Lisa A. Sokoloff, J. at plea; Laurie Peterson, J. at replea and
sentencing), rendered November 5, 2015, affirmed.
Since defendant waived prosecution by information, the accusatory instrument only had to
satisfy the reasonable cause requirement of a misdemeanor complaint (see People v
Dumay, 23 NY3d 518, 522 [2014]). So viewed, the accusatory instrument was
jurisdictionally valid because it described facts of an evidentiary nature establishing reasonable
cause to believe that defendant was guilty of unlawful possession of a skimmer device in the
second degree (see Penal Law § 190.85). The instrument recited that on September
19, 2014, inside the store located at 319 Broadway, a customer handed defendant a credit card to
pay for goods and that defendant, after swiping the credit card in the cash register, swiped the
card a second time in a device he was holding in his hand. The instrument further alleged that a
"skimming device"—described as one that is "commonly used to take and record account
information from credit cards for the purpose of reproducing said account numbers onto
fraudulent credit cards"—was subsequently recovered from the bottom of a trash can
inside the employee locker room at said location. These factual allegations were sufficient for
pleading purposes since they provided adequate notice to enable defendant to prepare a defense
and invoke his protection against double jeopardy (see People v Kasse, 22 NY3d 1142,
1143 [2014]).
Defendant's argument that the instrument did not contain sufficient factual allegations to
satisfy the possession element of the offense ignores the inferences to be drawn from the facts
[*2]alleged, namely, that defendant was "holding a device . . . in
his hand" in which he "swip[ed] the credit card a second time," and the subsequent recovery of a
"skimming device" in the employee locker room. Based upon these allegations, a factfinder could
rationally infer that the skimming device recovered was the same device defendant was holding
in his hand.
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur
Decision Date: September 25, 2020