People v Iglesia (2020 NY Slip Op 51239(U))

[*1]

People v Iglesia (Michael)

2020 NY Slip Op 51239(U) [69 Misc 3d 133(A)]

Decided on October 23, 2020

Appellate Term, First Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on October 23, 2020
SUPREME COURT, APPELLATE TERM, FIRST
DEPARTMENT

PRESENT: Edmead, P.J., Higgitt, McShan, JJ.

570644/15

The People of the State of New York,
Respondent,
against
Michael Iglesia, Defendant-Appellant.

Defendant appeals from a judgment of the Criminal Court of the City of New York, New
York County (Alexander M. Tisch, J.), rendered March 7, 2013, convicting him, upon his plea of
guilty, of driving while ability impaired, and imposing sentence.

Per Curiam.
Judgment of conviction (Alexander M. Tisch, J.), rendered March 7, 2013, affirmed.
Since defendant waived prosecution by information, the accusatory instrument only had to
satisfy the reasonable cause requirement of a misdemeanor complaint (see People v Dumay, 23 NY3d
518, 522 [2014]). So viewed, the accusatory instrument was jurisdictionally valid, since it
provided reasonable cause to believe that defendant was guilty of driving while ability impaired
(see Vehicle and Traffic Law § 1192[1]), the offense to which he ultimately pleaded
guilty. The operation element of the offense was satisfied by allegations that defendant was
observed "standing next to a white Ford Van," that defendant had the keys to the van in his pants
pocket, the lights to the van were on, and that defendant stated that he hit a pole while driving
(see People v Esposito, 33 NY3d
1016 [2019], revg 60 Misc 3d 60 [App Term, 2d Dept, 2d, 11th & 13th Jud
Dists 2018]; People v Brown, 65
Misc 3d 126[A], 2019 NY Slip Op 51493[U] [App Term, 1st Dept 2019], lv denied
34 NY3d 1015 [2019]). The impairment element was satisfied by allegations that the
arresting officer observed defendant's "watery and bloodshot eyes, slurred speech," unsteadiness
on his feet, refusal to submit to a breath test, and his statement that he "hit [the] pole" while
"making a U-turn" on the Queensboro Bridge (see People v Cruz, 48 NY2d 419, 426-427
[1979], appeal dismissed 466 US 901 [1980]; see also People v Fiumara, 116 AD3d 421 [2014], lv denied
23 NY3d 1036 [2014]). 
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concurI concur
Decision Date: October 23, 2020