People v Mordle (2023 NY Slip Op 50114(U))

[*1]

People v Mordle (Kevin)

2023 NY Slip Op 50114(U)

Decided on February 21, 2023

Appellate Term, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on February 21, 2023
SUPREME COURT, APPELLATE TERM, FIRST DEPARTMENT

PRESENT: Hagler, P.J., Tisch, James, JJ.

570802/17

The People of the State of New York, Respondent, 
against
Kevin Mordle, Defendant-Appellant.

Defendant appeals from a judgment of the Criminal Court of the City of New York, Bronx County (Elizabeth N. Warin, J. at plea, Myrna Socorro, J. at sentencing), rendered August 16, 2017, convicting him, upon a plea of guilty, of aggravated unlicensed operation of a motor vehicle in the third degree, and imposing sentence.

Per Curiam.
Judgment of conviction (Elizabeth N. Warin, J. at plea, Myrna Socorro, J. at sentencing), rendered August 16, 2017, affirmed. 
Since defendant waived the right to be prosecuted by information, the facial sufficiency of the accusatory instrument must be assessed under the standard required of a misdemeanor complaint (see People v Dumay, 23 NY3d 518 [2014]). So viewed, the accusatory instrument was not jurisdictionally defective because it described facts of an evidentiary nature establishing reasonable cause to believe that defendant was guilty of third-degree aggravated unlicensed driving (see Vehicle and Traffic Law § 511[1][a]). The instrument, including the certified abstract of defendant's driving record, recited that a computer check run by the officer of the records of the Department of Motor Vehicles showed that defendant's driver's license had been suspended "on at least one separate date for failure to answer, appear or pay a fine"; that "defendant's license was suspended for failure to answer a traffic summons"; and that all such summonses have printed on them "'[i]f you do not answer this ticket by mail within fifteen days, your license will be suspended' [and that] the suspension occurs automatically (by computer) within four weeks of the defendant's failure to answer." These factual allegations were sufficient for pleading purposes to establish reasonable cause to believe that defendant knew, or had reason to know, that his license was suspended (see Vehicle and Traffic Law § 511[1][a]; People v Compres, 59 Misc 3d 140[A], 2018 NY Slip Op 50617[U] [App Term, 1st Dept 2018], lv denied 31 NY3d 1115 [2018]; People v Gerado, 55 Misc 3d 127[A], 2017 NY Slip Op 50344[U][App Term, 1st Dept 2017], lv denied 29 NY3d 1079 [2017]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur
Decision Date: February 21, 2023