People v Willis (2023 NY Slip Op 50631(U))

[*1]

People v Willis (McKenzie)

2023 NY Slip Op 50631(U)

Decided on June 26, 2023

Appellate Term, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on June 26, 2023
SUPREME COURT, APPELLATE TERM, FIRST DEPARTMENT

PRESENT: Brigantti, J.P., Michael, James, JJ.

570159/19

The People of the State of New York, Respondent, 
against
McKenzie Willis, Defendant-Appellant.

Defendant appeals from a judgment of the Criminal Court of the City of New York, New York County (Kate Paek, J.), rendered February 22, 2019, convicting him, upon a plea of guilty, of aggravated unlicensed operation of a motor vehicle in the third degree, and imposing sentence.

Per Curiam.
Judgment of conviction (Kate Paek, J.), rendered February 22, 2019, affirmed. 
Since defendant waived the right to be prosecuted by information, the facial sufficiency of the accusatory instrument must be assessed under the standard required of a misdemeanor complaint (see People v Dumay, 23 NY3d 518 [2014]). So viewed, the accusatory instrument was not jurisdictionally defective because it described facts of an evidentiary nature establishing reasonable cause to believe that defendant was guilty of aggravated unlicensed driving in the third degree (see Vehicle and Traffic Law § 511[1][a]). The instrument, including the certified abstract of defendant's driving record, recited, inter alia, that defendant was observed operating a motor vehicle, and that a computer check run by the officer of the records of the Department of Motor Vehicles showed that defendant's driver's license "was suspended three or more times on at least three separate dates and has not been reinstated" based on defendant's "failure to answer a New York summons," and that all such summonses have printed on them "'[i]f you do not answer this ticket by mail within fifteen (15) days your license will be suspended,' [and that] the suspension occurs automatically (by computer) within four weeks of the defendant's failure to answer." These factual allegations were sufficient for pleading purposes to establish reasonable cause to believe that defendant knew, or had reason to know, that his license was suspended (see Vehicle and Traffic Law § 511[1][a]; People v Mordle, 77 Misc 3d 141[A], 2023 NY Slip Op 50114[U] [App Term, 1st Dept 2023]; People v Compres, 59 Misc 3d 140[A], 2018 NY Slip Op 50617[U] [App Term, 1st Dept 2018], lv denied 31 NY3d 1115 [2018]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur
Decision Date: June 26, 2023