People v Martinez-Fernandez (2023 NY Slip Op 50630(U))

[*1]

People v Martinez-Fernandez (Edward)

2023 NY Slip Op 50630(U)

Decided on June 26, 2023

Appellate Term, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on June 26, 2023
SUPREME COURT, APPELLATE TERM, FIRST DEPARTMENT

PRESENT: Brigantti, J.P., Michael, James, JJ.

570312/18

The People of the State of New York, Respondent, 
against
Edward Martinez-Fernandez, Defendant-Appellant.

Defendant appeals from the judgment of the Criminal Court of the City of New York, Bronx County (Mary L. Bejarano, J.), rendered April 19, 2018, convicting him, upon a plea of guilty, of aggravated unlicensed operation of a motor vehicle in the third degree, and imposing sentence.

Per Curiam.
Judgment of conviction (Mary L. Bejarano, J.), rendered April 19, 2018, affirmed. 
Since defendant waived the right to be prosecuted by information, the facial sufficiency of the accusatory instrument must be assessed under the standard required of a misdemeanor complaint (see People v Dumay, 23 NY3d 518 [2014]). So viewed, the accusatory instrument was jurisdictionally valid because it described facts of an evidentiary nature establishing reasonable cause to believe that defendant was guilty of aggravated unlicensed driving in the third degree (see Vehicle and Traffic Law § 511[1][a]). The instrument, including the certified abstract of defendant's driving record, recited that after defendant was involved in a motor vehicle accident, a computer check run by the officer of the records of the Department of Motor Vehicles showed that defendant's driver's license was suspended or revoked because "the defendant had in effect at least three or more suspensions on at least three or more dates for failure to answer, appear, or pay a fine," and that all such summonses have printed on them "'[i]f you do not answer this ticket by mail within fifteen (15) days, your license will be suspended,' [and that] the suspension occurs automatically (by computer) within four weeks of the defendant's failure to answer." These factual allegations were sufficient for pleading purposes to establish reasonable cause to believe that defendant knew, or had reason to know, that his license was suspended (see Vehicle and Traffic Law § 511[1][a]; People v Mordle, 77 Misc 3d 141[A], 2023 NY Slip Op 50114[U] [App Term, 1st Dept 2023]; People v Compres, 59 Misc 3d 140[A], 2018 NY Slip Op 50617[U] [App Term, 1st Dept 2018], lv denied 31 NY3d 1115 [2018]).
Since the information was jurisdictionally valid with respect to the offense to which defendant pleaded guilty, he is not aggrieved by any alleged defects in the other charged offenses (see People v Ruiz, 146 AD3d 417 [2017], lv denied 28 NY3d 1188 [2017]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur
Decision Date: June 26, 2023