People v Bueno (2023 NY Slip Op 51005(U))

[*1]

People v Bueno (German)

2023 NY Slip Op 51005(U)

Decided on September 26, 2023

Appellate Term, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on September 26, 2023
SUPREME COURT, APPELLATE TERM, FIRST DEPARTMENT

PRESENT: Hagler, P.J., Brigantti, James, JJ.

570959/15

The People of the State of New York, Respondent,
against
German Bueno, Defendant-Appellant.

In consolidated appeals, defendant appeals from (1) a judgment of the Criminal Court of the City of New York, New York County (Laurie Peterson, J.), rendered July 31, 2014, convicting him, upon a plea of guilty, of obstructing governmental administration in the second degree and disorderly conduct, and imposing sentence and (2) a judgment (same court and Judge), rendered April 6, 2015, convicting him, upon a plea of guilty, of criminal sale of marijuana in the fourth degree, and imposing sentence.

Per Curiam.
Judgment of conviction (Laurie Peterson, J.), rendered July 31, 2014, affirmed. Appeal from judgment of conviction (Laurie Peterson, J.), rendered April 6, 2015, dismissed as academic. 
In view of the defendant's knowing waiver of his right to prosecution by information, the facial sufficiency of the accusatory instrument must be assessed under the standard required of a misdemeanor complaint (see People v Dumay, 23 NY3d 518, 522 [2014]). So viewed, the complaint was jurisdictionally valid because it described facts of an evidentiary nature establishing reasonable cause to believe that defendant was guilty of obstructing governmental administration in the second degree (see Penal Law § 195.05). The complaint alleges that police officers were performing a "condition check" inside a subway maintenance closet and that defendant, after utilizing certain slang terms to indicate to others that the officers were in the closet, grabbed a chain and padlock, and placed the padlock on the chain in an attempt to lock the officers inside the closet. These allegations were sufficient for pleading purposes to show that the officers' conduct was authorized by law and thus constituted an official function, and that the defendant, with the requisite intent, attempted to prevent the officers from performing that function by means of physical interference (see People v Dumay, 23 NY3d at 524-525; Matter of Davan L., 91 NY2d 88 [1997]; People v Romeo, 9 AD3d 744, 745 [2004]).
Defendant's April 6, 2015 conviction for criminal sale of marijuana in the fourth degree [*2](see Penal Law § 221.40) has been automatically vacated and dismissed, and rendered legally invalid by operation of law (see CPL 160.50[3][k][iii],[5]). Thus, the appeal from said conviction must be dismissed as academic (see People v Taite, 65 Misc 3d 137[A] [App Term, 1st Dept 2019], lv denied 34 NY3d 1082 [2019]). 
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur
Decision Date: September 26, 2023