People v Morton (2024 NY Slip Op 50381(U))

[*1]

People v Morton (John)

2024 NY Slip Op 50381(U)

Decided on April 9, 2024

Appellate Term, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on April 9, 2024
SUPREME COURT, APPELLATE TERM, FIRST DEPARTMENT

PRESENT: Hagler, P.J., Brigantti, Perez, JJ.

570479/19

The People of the State of New York, Respondent,
against
John Morton, Defendant-Appellant.

Defendant appeals from a judgment of the Criminal Court of the City of New York, New York County (Ann D. Thompson, J.), rendered May 11, 2019, convicting him, upon a plea of guilty, of criminal possession of a forged instrument in the third degree, and imposing sentence.

Per Curiam.
Judgment of conviction (Ann D. Thompson, J.), rendered May 11, 2019, affirmed.
In view of defendant's knowing waiver of his right to prosecution by information, the accusatory instrument only had to satisfy the reasonable cause requirement (see People v Dumay, 23 NY3d 518 [2014]). So viewed, the accusatory instrument was jurisdictionally valid because it described facts of an evidentiary nature establishing reasonable cause to believe that defendant was guilty of criminal possession of a forged instrument in the third degree (see Penal Law § 170.20). The instrument recites that defendant was observed selling subway access by swiping people through the turnstiles in exchange for two dollars; that police recovered "a quantity of MetroCards from the ground" where defendant threw them; that the recovered MetroCards "were bent along the magnetic strip"; and that the deponent officer knew from his training and experience that "bending MetroCards in this way can alter a card with zero balance so that it will still provide a ride to the user." These factual allegations, "given a fair and not overly restrictive or technical reading" (People v Casey, 95 NY2d 354, 360 [2000]), provided reasonable cause to believe that the MetroCards at issue, bent in a manner that would allow illegal entry into the subway system, had been "falsely alter[ed]" so as to constitute "forged instrument[s]" within the meaning of the forgery statute (Penal Law § 170.00[6],[7]; see People v Mattocks, 12 NY3d 326, 330 [2009]; People v McFarlane, 63 AD3d 634, 635 [2009], lv denied 13 NY3d 837 [2009]). 
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur
Decision Date: April 9, 2024