People v Montanez (2024 NY Slip Op 51325(U))

[*1]

People v Montanez (Chris)

2024 NY Slip Op 51325(U)

Decided on September 24, 2024

Appellate Term, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on September 24, 2024
SUPREME COURT, APPELLATE TERM, FIRST DEPARTMENT

PRESENT: Hagler, P.J., Brigantti, Tisch, JJ.

570411/22

The People of the State of New York, Respondent,
against
Chris Montanez, Defendant-Appellant.

Defendant appeals from a judgment of the Criminal Court of the City of New York, New York County (Jonathan Svetkey, J. at plea and sentencing; Laurie Peterson, J. at resentencing), rendered February 24, 2021, convicting him, upon a plea of guilty, of criminal obstruction of breathing or blood circulation, and imposing sentence.

Per Curiam.
Judgment of conviction (Jonathan Svetkey, J. at plea and sentencing; Laurie Peterson, J. at resentencing), rendered February 24, 2021, affirmed.
Since defendant waived the right to be prosecuted by information, the accusatory instrument must be assessed under the reasonable cause standard applicable to a misdemeanor complaint (see People v Dumay, 23 NY3d 518, 524 [2014]). So viewed, the accusatory instrument was jurisdictionally valid because it described facts of an evidentiary nature establishing reasonable cause to believe that defendant was guilty of the charged offense of criminal obstruction of breathing or blood circulation (see Penal Law § 121.11[a]). The instrument recited that on October 1, 2020, defendant "use[d] his hands to apply pressure to [the victim's] neck by forcefully squeezing it" and that this conduct by defendant caused "redness, swelling and [a] scratch to [her] neck." These factual allegations and the reasonable inferences to be drawn from them were sufficient, for pleading purposes, to establish that defendant applied pressure on the victim's neck with the intent to impede her normal breathing (see Matter of Kenrick C., 143 AD3d 600 [2016]; People v Peterson, 118 AD3d 1151, 1154 [2014], lv denied 24 NY3d 1087 [2014]; see also People v Briggs, 129 AD3d 1201, 1204 [2015], lv denied 26 NY3d 1038 [2015]). 
Defendant's challenge to the legal sufficiency of the second-degree strangulation charge contained in the felony complaint, which the court dismissed as part of defendant's plea, is unavailing, since defendant is not aggrieved by alleged defects in felony charges that were dismissed on the People's motion as part of the plea (see CPL 470.15[1]; People v Ruiz, 146 AD3d 417 [2017], lv denied 28 NY3d 1188 [2017]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur
Decision Date: September 24, 2024