People v Encarnacion (2024 NY Slip Op 51395(U))

[*1]

People v Encarnacion (Franklin)

2024 NY Slip Op 51395(U)

Decided on October 10, 2024

Appellate Term, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on October 10, 2024
SUPREME COURT, APPELLATE TERM, FIRST DEPARTMENT

PRESENT: Tisch, J.P., James, Perez, JJ.

570223/22

The People of the State of New York, Respondent, 
against
Franklin Encarnacion, Defendant-Appellant.

Defendant appeals from a judgment of the Criminal Court of the City of New York, Bronx County (Jeffrey Rosenblueth, J.), rendered May 31, 2022, convicting him, upon his plea of guilty, of petit larceny, and imposing sentence.

Per Curiam.
Judgment of conviction (Jeffrey Rosenblueth, J.), rendered May 31, 2022, affirmed.
Since defendant waived prosecution by information, the accusatory instrument is assessed under the reasonable cause standard applicable to a misdemeanor complaint (see People v Dumay, 23 NY3d 518, 522 [2014]). So viewed, the instrument charging petit larceny (see Penal Law § 155.25) was jurisdictionally valid because it described facts of an evidentiary nature establishing reasonable cause to believe that defendant was guilty of petit larceny (see id.). The instrument recites, in relevant part, that on October 19, 2020, defendant, acting in concert with an unapprehended individual, took a pair of jeans from informant's hands, without permission or authority to do so, and ran away without paying for said jeans. These allegations and the reasonable inferences to be drawn from them were sufficient for pleading purposes to establish that defendant "exercised dominion and control over the property for a period of time, however temporary, in a manner wholly inconsistent with the owner's continued rights" (People v Jennings, 69 NY2d 103, 118 [1986]). Contrary to defendant's contention, the factual allegations were sufficient for pleading purposes to establish that defendant, acting alone or in concert with the unapprehended individual, stole property (see Penal Law §§ 20.00, 155.25).
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur
Decision Date: October 10, 2024