People v Johnson (2024 NY Slip Op 51423(U))

[*1]

People v Johnson (Willie)

2024 NY Slip Op 51423(U)

Decided on October 18, 2024

Appellate Term, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on October 18, 2024
SUPREME COURT, APPELLATE TERM, FIRST DEPARTMENT

PRESENT: Tisch, J.P., James, Perez, JJ.

570975/18

The People of the State of New York, Respondent,
against
Willie Johnson, Defendant-Appellant.

Defendant Willie Johnson appeals from a judgment of the Criminal Court of the City of New York, Bronx County (Bahaati E. Pitt, J.), rendered September 5, 2018, convicting him, upon his plea of guilty, of criminal possession of a controlled substance in the seventh degree, and imposing sentence.

Per Curiam.
Judgment of conviction (Bahaati E. Pitt, J.), rendered September 5, 2018, affirmed.
In view of defendant's knowing waiver of the right to prosecution by information, the accusatory instrument only had to satisfy the reasonable cause requirement of a misdemeanor complaint (see People v Dumay, 23 NY3d 518, 522 [2014]). So viewed, the accusatory instrument was jurisdictionally valid because it described facts of an evidentiary nature establishing reasonable cause to believe that defendant was guilty of seventh-degree criminal possession of a controlled substance (see Penal Law § 220.03). The instrument alleged that an undercover police officer approached co-defendant Shoshonah Johnson (Shoshonah) who, after a "drug-related conversation about the purchase of crack cocaine," left the location and returned a short time later with defendant Willie Johnson. The defendants touched hands and Shoshonah then handed the undercover officer two plastic ziplock bags, each containing crack cocaine. These allegations support an inference that defendant took part in the drug transaction as part of a team of drug dealers (see People v Tinnin, 36 AD3d 457, 458 [2007]), lv denied 8 NY3d 991 [2007]; see People v Jones, 90 NY3d 835 [1997]), and that he was a joint possessor of the contraband (see People v Robinson, 129 AD3d 550 [2015], lv denied 26 NY3d 1010 [2015]; People v Rivera, 76 Misc 3d 137[A], 2022 NY Slip Op 50998[U] [App Term, 1st Dept 2022]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur
Decision Date: October 18, 2024