People v Miller (2024 NY Slip Op 51525(U))

[*1]

People v Miller (Jamel)

2024 NY Slip Op 51525(U)

Decided on November 11, 2024

Appellate Term, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on November 11, 2024
SUPREME COURT, APPELLATE TERM, FIRST DEPARTMENT

PRESENT: Hagler, P.J., Brigantti, James, JJ.

24-015

The People of the State of New York, Respondent, 
against
Jamel Miller, Defendant-Appellant.

Defendant appeals from a judgment of the Criminal Court of the City of New York, Bronx County (Michael John Hartofilis, J.), rendered March 5, 2021, convicting him, upon a plea of guilty, of criminal trespass in the second degree, and imposing sentence.

Per Curiam.
Judgment of conviction (Michael John Hartofilis, J.), rendered March 5, 2021, affirmed.
Since defendant waived his right to prosecution by information, the facial sufficiency of the accusatory instrument must be assessed under the standard required of a misdemeanor complaint (see People v Dumay, 23 NY3d 518, 522 [2014]). So viewed, the accusatory instrument charging criminal trespass in the second degree was jurisdictionally valid because it described facts of an evidentiary nature establishing reasonable cause to believe that defendant "knowingly enter[ed] or remain[ed] unlawfully in a dwelling" (Penal Law § 140.15[1]). The instrument recited that defendant was observed inside of apartment 2W at 422 East 162nd Street, without permission or authority of complainant, the "lawful owner and resident" of the apartment, and that defendant "pick[ed] up" the complainant's television and attempted to leave the apartment with it, without permission or authority of complainant. No additional evidentiary details were required for the People's pleading to provide "adequate notice to enable defendant to prepare a defense and invoke his protection against double jeopardy" (People v Kasse, 22 NY3d 1142, 1143 [2014]). Since the accusatory instrument was jurisdictionally valid with respect to the offense to which defendant pleaded guilty, he is not aggrieved by any alleged defects in the other charged offenses (see People v Ruiz, 146 AD3d 417 [2017], lv denied 28 NY3d 1188 [2017]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur
Decision Date: November 11, 2024