■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MELVIN LIVINGSTON, Appellant. [55 NYS3d 7]—

Judgment, Supreme Court, New York County (Robert M. Stolz, J.), rendered May 4, 2011, convicting defendant, after a nonjury trial, of attempted petit larceny and attempted possession of stolen property in the fifth degree, and sentencing him to concurrent terms of 45 days, unanimously affirmed.

The accusatory instrument was not jurisdictionally defective. Giving the instrument "a fair and not overly restrictive or technical reading" (*People v Casey*, 95 NY2d 354, 360 [2000]), we find that the instrument contained nonconclusory factual allegations establishing every element of the offenses (*People v Kalin*, 12 NY3d 225, 228-229 [2009]), including intent to steal.

First, the allegation that defendant "attempt[ed] to leave the store in possession of the property and without paying for it" did not, as defendant suggests, require any further explanation, because it was not an allegation that "involves a conclusion . . . that involves the exercise of professional skill or experience" (*People v Jackson*, 18 NY3d 738, 746 [2012]). Furthermore, the allegation that defendant concealed store merchandise inside his jacket was similarly nonconclusory. Taken together, these allegations were facially sufficient to support the charged offenses (*see People v Gaye*, 54 Misc 3d 141[A], 2017 NY Slip Op 50187[U] [App Term, 1st Dept 2017]).

Contrary to defendant's argument, the allegation that defendant "concealed" store merchandise was not vitiated by the fact that the store security employee who completed the supporting deposition selected the word "concealed" from a preprinted supported deposition form. The employee made that word part of his own statement by choosing it. In any event, even without the word "concealed," an allegation that a person placed store merchandise inside his or her jacket makes out a prima facie case, "as a matter of common sense and reasonable pleading" (*People v Davis*, 13 NY3d 17, 31 [2009]), that the person exercised dominion and control over the merchandise inconsistent with the continued rights of the owner (*see People v Olivo*, 52 NY2d 309, 317-319 [1981]). Concur—Acosta, J.P., Renwick, Mazzarelli, Gische and Gesmer, JJ.