The People of the State of New York, Respondent, 
against
Irina Kryzhapolsky, Defendant-Appellant.



Defendant appeals from a judgment of the Criminal Court of the City of New York, New York County (Stephen Antignani, J.), rendered February 11, 2016, convicting her, upon her plea of guilty, of disorderly conduct, and imposing sentence.




Per Curiam.
Judgment of conviction (Stephen Antignani, J.) rendered, February 11, 2016, affirmed. 
The accusatory instrument was not jurisdictionally defective. Giving the instrument "a fair and not overly restrictive or technical reading" (People v Casey, 95 NY2d 354, 360 [2000]), we find that the instrument contained nonconclusory factual allegations establishing every element of the offenses of petit larceny (see Penal Law § 155.25) and criminal possession of stolen property in the fifth degree (see Penal Law § 165.40). The allegations that defendant "conceal[ed]" certain store merchandise "in a personal bag," and "attempt[ed] to leave the [Lord & Taylor] store in possession of the property without paying for it" are nonconclusory and do not require any further explanation (see People v Livingston, 150 AD3d 448 [2017], lv denied 29 NY3d 1093 [2017]; People v Gaye, 54 Misc 3d 141[A], 2017 NY Slip Op 50187[U][App Term, 1st Dept 2017], lv denied 29 NY3d 1031 [2017]). Defendant's larcenous intent could be readily inferred from the surrounding circumstances of her actions (see People v Olivo, 52 NY2d 309, 320 n 8 [1981]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur
Decision Date: March 19, 2018