The People of the State of New York, Respondent,
against
Pablo Leonardo, Defendant-Appellant.



In consolidated criminal appeals, defendant appeals from (1) a judgment of the Criminal Court of the City of New York, New York County (Erika M. Edwards, J.), rendered June 20, 2014, convicting him, upon his plea of guilty, of petit larceny, and imposing sentence; (2) a judgment (same court and Judge), rendered June 20, 2014, convicting him, upon his plea of guilty, of petit larceny, and imposing sentence; (3) a judgment (same court and Judge), rendered June 20, 2014, convicting him, upon his plea of guilty, of criminal trespass in the third degree, and imposing sentence and (4) a judgment (same court and Judge), rendered June 20, 2014, convicting him, upon his plea of guilty, of attempted criminal mischief in the fourth degree, and imposing sentence.




Per Curiam.
Judgments of conviction (Erika M. Edwards, J.), each rendered June 20, 2014, affirmed. 
We find unavailing defendant's challenge to the accusatory instruments underlying these consolidated criminal appeals. The accusatory instrument charging petit larceny (see Penal Law § 155.25) under docket number 2014NY030009 was not jurisdictionally defective. Defendant's larcenous intent is reasonably inferred from allegations that he removed two specified items of merchandise from a Pathmark store, "conceal[ed]" the items by placing them "in his black bag" and "attempt[ed] to leave the store in possession of the property without paying for it" (see People v Olivo, 52 NY2d 309, 318—319 [1981]; People v Brunson, 294 AD2d 104 [2002], lv denied 98 NY2d 695 [2002]). Contrary to defendant's claims, the allegations in the complaint and supporting deposition were nonconclusory and were facially sufficient to support the charged offenses (see People v Livingston, 150 AD3d 448 [2017], lv denied 29 NY3d 1093 [2017]). 
Similarly, the accusatory instrument charging petit larceny under docket number 2014NY039541 was not jurisdictionally defective. Defendant's larcenous intent is reasonably inferred from allegations that he picked up a cell phone from the ground, placed it in his jacket, that the phone belonged to another person, that defendant did not have permission to take or [*2]possess it, and that defendant lied to a police officer about having the phone (see Penal Law § 155.05[2][b]; see also People v Colon, 28 NY2d 1, 10-11 [1971], cert. denied 402 US 905 [1971]; William C. Donnino, Practice Commentary, McKinney's Cons. Laws of NY, Book 39, Penal Law 155.00, p 295).
We also find unavailing defendant's challenge to the facial sufficiency of the accusatory instrument charging him with criminal trespass in the third degree (see Penal Law § 140.10[a]) under docket number 2014NY046945. The "knowingly enters or remains unlawfully" element of the offense was satisfied by allegations that defendant entered a car wash "located inside of an enclosed building" and that the owner of said car wash stated that "defendant did not have permission or authority to enter, remain or be on the above premises" (see Penal Law § 140.00[5]; People v Graves, 76 NY2d 16, 20 [1990]).
Finally, the accusatory instrument charging fourth-degree criminal mischief (see Penal Law § 145.00[1]) under docket number 2013NY079439 was not jurisdictionally defective. The allegations that on October 7, 2013, at 9:30 a.m., a police officer "observed the defendant, via surveillance video, scratch up the side of a vehicle on the street," that the car's owner stated that defendant "did not have permission or authority to damage the car," and that defendant told the officer "that he scratched the car," provided reasonable cause to believe that defendant committed the offense of fourth-degree criminal mischief (see Matter of Oscar G., 83 AD3d 468 [2011]). The requisite intent to damage the property is fairly inferred from defendant's acts and the surrounding circumstances (see People v Gordon, 23 NY3d 643, 650 [2014]; Matter of Carlos M., 32 AD3d 686, 687 [2006]). Since the complaint specified that the video surveillance camera captured defendant scratching the car at 9:30 a.m. on the date in question, any inquiries concerning where the camera was situated, who operated the camera and whether the surveillance footage reliably captured the charged criminal conduct were issues that could have been raised at trial, "not by insistence" that the complaint was "jurisdictionally defective" (People v Konieczny, 2 NY3d 569, 577 [2004]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur
Decision Date: April 17, 2018