The People of the State of New York, Respondent,
against
Zafira Gannon a/k/a Sally Gannon, Defendant-Appellant.



Defendant appeals from a judgment of the Criminal Court of the City of New York, New York County (Laurie Peterson, J.), rendered December 21, 2015, convicting her, upon a plea of guilty, of petit larceny, and imposing sentence.




Per Curiam.
Judgment of conviction (Laurie Peterson, J.), rendered December 21, 2015, affirmed.
The accusatory instrument was not jurisdictionally defective. It charged all the elements of petit larceny (see Penal Law § 155.25). The information - comprised of the misdemeanor complaint and the store manager's supporting deposition - alleged, inter alia, that defendant was observed via video surveillance on three separate occasions removing hundreds of bottles of nail polish from a display shelf, secreting the merchandise in a white canvas bag, and walking past the cash registers and either attempting to exit or exiting a Duane Reade store without paying for the items (see People v Olivo, 52 NY2d 309, 318-319 [1981]; People v Livingston, 150 AD3d 448, 449 [2017], lv denied 29 NY3d 1093 [2017]). Any question whether defendant was the individual viewed on the surveillance footage was a matter that could have been raised at trial, "not by insistence" that the complaint was "jurisdictionally defective" (see People v Konieczny, 2 NY3d 569, 577 [2004]).
Defendant's challenge to the voluntariness of her plea is unpreserved, and we decline to review it in the interest of justice. As an alternative holding, we find that the plea was knowing, intelligent and voluntary. The mere fact that defendant, after initially rejecting the People's plea offer, changed her mind immediately after the court denied her application to be released on her own recognizance did not require any additional inquiry (People v Siders, 123 AD3d 408 [2014], lv denied 26 NY3d 935 [2015]). Defendant, who had three prior arrests and was considered a flight risk due to a history of warrants, does not contend that the denial of her application was improper or unwarranted by the circumstances. Furthermore, the court lowered the bail and there [*2]is no indication that the reduced bail conditions ultimately imposed were being used to unduly persuade defendant to plead guilty (cf. People v Grant, 61 AD3d 177, 184 [2009]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur
Decision Date: January 18, 2019