The People of the State of New York, Respondent, 
against
Mark Masola, Defendant-Appellant.




Defendant appeals from a judgment of the Criminal Court of the City of New York, New York County (Lyle E. Frank, J. at plea and sentencing; David Frey, J. at resentencing), rendered November 20, 2017, convicting him, upon a plea of guilty, of disorderly conduct, and imposing sentence.




Per Curiam.
Judgment of conviction (Lyle E. Frank, J. at plea and sentencing; David Frey, J. at resentencing), rendered November 20, 2017, affirmed.
The misdemeanor complaint was jurisdictionally valid because it described facts of an evidentiary nature establishing reasonable cause to believe that defendant committed the offenses of petit larceny (see Penal Law § 155.25) and criminal possession of stolen property in the fifth degree (see Penal Law § 165.40). The factual allegations, including defendant's admission that he removed complainant's bicycle from the eighth floor stairwell of 495 Broadway, without permission, and placed it inside his apartment, were facially sufficient to support the charged offenses (see People v Livingston, 150 AD3d 448 [2017], lv denied 29 NY3d 1093 [2017]). No additional evidentiary detail was required for the People's pleading to provide "adequate notice to enable defendant to prepare a defense and invoke his protection against double jeopardy" (People v Kasse, 22 NY3d 1142, 1143 [2014]).
Defendant's contention that his waiver of eligibility for sealing constituted an impermissible condition of his plea agreement is unpreserved, since he failed to move to withdraw the plea, despite ample opportunity to do so. We decline to review this unpreserved claim in the interest of justice. As an alternative holding, we find that the waiver of eligibility for sealing did not violate CPL 160.59, since the disorderly conduct offense to which defendant pleaded guilty was not an "eligible offense" under the statute, and the waiver not otherwise affect the validity of the plea (see People v Duran, 60 Misc 3d 141[A], 2018 NY Slip Op 51302[U] [App Term, 1st Dept 2018], lv denied 32 NY3d 1171 [2019]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur 
Decision Date: November 20, 2019