The People of the State of New York, Respondent, 
against
William Jimenez, DefendantAppellant.




In consolidated criminal appeals, defendant appeals from (1) a judgment of the Criminal Court of the City of New York, Bronx County (Armando Montano, J.), rendered May 21, 2014, convicting him, upon a plea of guilty, of assault in the third degree, and imposing sentence; (2) a judgment (same court and Judge), rendered May 21, 2014, convicting him, upon a plea of guilty, of criminal possession of stolen property in the fifth degree, and imposing sentence, and (3) a judgment of the same court (Miriam R. Best, J.), rendered May 30, 2014, convicting him, upon a plea of guilty, of criminal possession of a controlled substance in the seventh degree, and imposing sentence.




Per Curiam.
Judgments of conviction (Armando Montano, J.), each rendered May 21, 2014, affirmed. Judgment of conviction (Miriam R. Best, J.), rendered May 30, 2014, affirmed. 
In view of defendant's knowing waiver of the right to be prosecuted by an information, the accusatory instruments only had to satisfy the reasonable cause requirement (see People v Dumay, 23 NY3d 518, 522 [2014]). So viewed, the accusatory instrument charging criminal possession of stolen property in the fifth degree (see Penal Law § 165.40)under docket number 2014BX016325, was not jurisdictionally defective. Allegations that defendant had "on his person, in his front right jacket pocket" a camera and lens adapter that had been in the victim's car, that the victim was the "lawful owner and custodian" of these items and "did not give the defendant permission or authority to take or possess the camera and lens adapter," were facially sufficient to to support the charged offense (see People v Livingston, 150 AD3d 448 [2017], lv denied 29 NY3d 1093 [2017]). 
Nor was the accusatory instrument charging criminal possession of a controlled substance in the seventh degree (see Penal Law § 155.25) under docket number 2014BX025464 jurisdictionally defective. The instrument recited that an undercover police officer observed defendant to have on his person "two (2) brown zip lock plastic bags each containing a white rock like substance"; that defendant "handed informant said bags, in exchange [for] twenty dollars ($20) United States currency"; and that defendant also had "in his custody and control, [*2]under his left foot, thirty-five zip lock bags each containing a white rock like substance" which the officer knew was crack cocaine "based upon [his] training and experience, which includes training in the recognition of controlled substances ... and their packaging" (see People v Kalin, 12 NY3d 225, 231-232 [2009]; People v Dumas, 68 NY2d 729 [1986]; see also People v Thiam, __ NY3d __, 2019 NY Slip Op 07712 [2019, DiFiore, Ch. J., concurring]).
In view of our determination, we need not address any other issue.
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur 
Decision Date: January 27, 2020