The People of the State of New York, Respondent,
against
Jessica Cosme, Defendant-Appellant.




Defendant appeals from a judgment of the Criminal Court of the City of New York, Bronx County (Carol R. Feinman, J.), rendered March 8, 2011, convicting her, upon a plea of guilty, of disorderly conduct, and imposing sentence.




Per Curiam.
Judgment of conviction (Carol R. Feinman, J.), rendered March 8, 2011, affirmed.
The misdemeanor complaint was jurisdictionally valid because it described facts of an evidentiary nature establishing reasonable cause to believe that defendant committed the offenses of petit larceny (see Penal Law § 155.25) and criminal possession of stolen property in the fifth degree (see Penal Law § 165.40). The instrument alleged that defendant was observed inside a specified "Food Bazaar" store, removing merchandise from a shelf, concealing the items in a bag she was carrying, and attempting to leave the store without paying for the items by walking past the cashier's area and heading for the exit. The instrument further alleges that a store employee recovered the merchandise from defendant. Contrary to defendant's present claim, these allegations were nonconclusory and facially sufficient to support the charged offenses (see People v Livingston, 150 AD3d 448 [2017], lv denied 29 NY3d 1093 [2017]; see also People v Olivo, 52 NY2d 309, 318-319 [1981]).
Defendant further argues, and the People concede, that her conviction must be vacated because the plea record lacks the requisite "affirmative showing" that defendant understood and waived her Boykin rights (see Boykin v Alabama, 395 US 238, 242 [1969]; People v Tyrell, 22 NY3d 359, 365 [2013]). However, defendant now states that the only relief sought is dismissal of the accusatory instrument rather than vacatur of the plea, and she expressly requests that we affirm the conviction if we do not grant a dismissal. Since it cannot be said that no penological purpose would be served by reinstating the two class A misdemeanor charges, dismissal is not warranted and therefore we affirm on this basis (see People v Conceicao, 26 NY3d 375, 385 n 1 [2015]; People v Teron, 139 AD3d 450 [2016]).
The decision and order of this Court dated September 20, 2019 (65 Misc 3d 127[A], 2019 NY Slip Op 51501[U] [App Term, 1st Dept 2019]) is hereby recalled and vacated.
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur
Decision Date: March 11, 2020