The People of the State of New York, Respondent, 
against
Hector Tejada, Defendant-Appellant.
Defendant appeals from a judgment of the Criminal Court of the City of New York, New York County (Erika M. Edwards, J., at plea; Alexander M. Tisch, J., at sentencing), rendered September 24, 2014, convicting him, upon a plea of guilty, of petit larceny and imposing sentence.
Per Curiam.
Judgment of conviction (Erika M. Edwards, J., at plea; Alexander M. Tisch, J., at sentencing), rendered September 24, 2014, affirmed.
Since defendant waived prosecution by information, the accusatory instrument only had to satisfy the reasonable cause requirement of a misdemeanor complaint (see People v Dumay, 23 NY3d 518, 522 [2014]). So viewed, the accusatory instrument was jurisdictionally valid because it described facts of an evidentiary nature establishing reasonable cause to believe that defendant was guilty of petit larceny (see Penal Law § 155.25). A loss prevention agent at a specified Rite Aid store alleged that on November 20, 2013 at 11:29 a.m., he observed defendant "remove" several items of merchandise from shelves, including "thirteen pairs of Sony and Craig earbuds," and "conceal them inside a paper bag." Given the number and nature of the items of merchandise at issue, and the manner in which they were concealed by defendant - "highly unusual and suspicious conduct for a shopper" (People v Olivo, 52 NY2d 309, 320 [1981]) - these allegations are sufficient for pleading purposes to establish that defendant exercised dominion and control over the merchandise inconsistent with the continued rights of the owner (see People v Livingston, 150 AD3d 448 [2017], lv denied 29 NY3d 1093 [2017]; People v Bailey, 40 Misc 3d 126[A], 2013 NY Slip Op 51021[U][App Term, 1st Dept 2013]), even in the absence of specific allegations as to defendant's movements or whereabouts in the store (see People v Olivo, 52 NY2d at 318; People v Riso, 39 Misc 3d 129[A], 2013 NY Slip Op 50437[U] [App Term, 1st Dept 2013], lv denied 21 NY3d 946 [2013]). 
All concur.
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
Clerk of the Court
Decision Date: June 11, 2020