The People of the State of New York, 
 Respondent, 
against
Allan Forbes, Defendant-Appellant.
Defendant appeals from a judgment of the Criminal Court of the City of New York, New York County (Heidi C. Cesare, J.), rendered March 9, 2015, convicting him, upon a plea of guilty, of disorderly conduct, and imposing sentence.
Per Curiam.
Judgment of conviction (Heidi C. Cesare, J.), rendered March 9, 2015, affirmed.
The misdemeanor information was jurisdictionally valid because it contained "nonconclusory factual allegations that, if assumed to be true, address[ed] each element of the crime charged, thereby affording reasonable cause to believe that defendant committed that offense" (People v Middleton, __ NY3d __, 2020 NY Slip Op 02530 [2020], quoting People v Matthew P., 26 NY3d 332, 335-336 [2015]). The information alleged that at a specified date and time, defendant removed four pharmacy items from a shelf inside a specified CVS store, then "conceal[ed] the items in [his] left coat pocket" and "attempt[ed] to leave the store in possession of the property without paying for it." Contrary to defendant's claim, these allegations were nonconclusory and legally sufficient to charge defendant with petit larceny (see Penal Law § 155.25) and criminal possession of stolen property in the fifth degree (see Penal Law § 165.40; People v Livingston, 150 AD3d 448 [2017], lv denied 29 NY3d 1093 [2017]; see also People v Olivo, 52 NY3d 309, 318-319 [1981]; People v Chkhartishvil, 46 Misc 3d 148[A], 2015 NY Slip Op 50240[U] [App Term, 1st Dept 2015], lv denied 25 NY3d 1070 [2015]). 
All concur.
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
Clerk of the Court
Decision Date: June 11, 2020