People v Derissaint (2020 NY Slip Op 51090(U))

[*1]

People v Derissaint (Sonia)

2020 NY Slip Op 51090(U) [68 Misc 3d 135(A)]

Decided on September 25, 2020

Appellate Term, First Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on September 25, 2020
SUPREME COURT, APPELLATE TERM, FIRST
DEPARTMENT

PRESENT: Edmead, P.J., Cooper, Higgitt, JJ.

570884/16

The People of the State of New York,
Respondent,
against
Sonia Derissaint, Defendant-Appellant.

Defendant appeals from a judgment of the Criminal Court of the City of New York, New
York County (Charlotte B. Davidson, J., at plea; Kate Paek, J., at sentencing), rendered
November 4, 2016, convicting her, upon a plea of guilty, of petit larceny, and imposing
sentence.

Per Curiam.
Judgment of conviction (Charlotte B. Davidson, J., at plea; Kate Paek, J., at sentencing),
rendered November 4, 2016, affirmed.
In view of defendant's knowing waiver of her right to prosecution by information, the
accusatory instrument only had to satisfy the reasonable cause requirement (see People v
Dumay, 23 NY3d 518 [2014]). So viewed, the accusatory instrument was jurisdictionally
valid, since it described facts of an evidentiary nature establishing reasonable cause to believe
that defendant was guilty of petit larceny (see Penal Law § 155.25), the offense to
which she ultimately pleaded guilty. Allegations that defendant was observed inside Macy's
"remov[ing] several items, including four bags, 19 pieces of jewelry ... seven skirts, eight shirts
and eight dresses" from the shelves, "plac[ing] the items in shopping bags" and "attempt[ing] to
leave the store without paying for the items," were nononclusory and facially sufficient to support
the charged offense (see People v
Livingston, 150 AD3d 448 [2017], lv denied 29 NY3d 1093 [2017]; see also
People v Olivo, 52 NY2d 309, 318-319 [1981]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur
Decision Date: September 25, 2020