People v Dawkins (2020 NY Slip Op 51092(U))

[*1]

People v Dawkins (Anthony)

2020 NY Slip Op 51092(U) [68 Misc 3d 135(A)]

Decided on September 25, 2020

Appellate Term, First Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on September 25, 2020
SUPREME COURT, APPELLATE TERM, FIRST
DEPARTMENT

PRESENT: Edmead, P.J., Cooper, Higgitt, JJ.

570208/19

The People of the State of New York,
Respondent,
against
Anthony Dawkins, Defendant-Appellant.

Defendant appeals from a judgment of the Criminal Court of the City of New York, New
York County (Ilana J. Marcus, J.), rendered March 18, 2019, convicting him, upon his plea of
guilty, of petit larceny, and imposing sentence.

Per Curiam.
Judgment of conviction (Ilana J. Marcus, J.), rendered March 18, 2019, affirmed.
Since defendant waived prosecution by information, the accusatory instrument only had to
satisfy the reasonable cause requirement of a misdemeanor complaint (see People v
Dumay, 23 NY3d 518, 522 [2014]). So viewed, the accusatory instrument was
jurisdictionally valid because it described facts of an evidentiary nature establishing reasonable
cause to believe that defendant was guilty of petit larceny (see Penal Law § 155.25),
the charge to which defendant ultimately pleaded guilty. A manager at a specified Duane Reade
store alleged that on January 17, 2019, at about 10:30 p.m., he observed defendant remove
"fourteen packages of condoms and eight vitamins" from the shelves, "conceal the items in [his]
jacket" and "attempt to leave the store in possession of the property without paying for it." The
instrument further alleges that the manager recovered the merchandise from defendant. Contrary
to defendant's present claim, these allegations were nonconclusory and facially sufficient to
support the charged offense (see People
v Livingston, 150 AD3d 448 [2017], lv denied 29 NY3d 1093 [2017]; see
also People v Olivo, 52 NY3d 309, 318-319 [1981]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur
Decision Date: September 25, 2020