People v Kim (2022 NY Slip Op 50490(U))

[*1]

People v Kim (Jennifer)

2022 NY Slip Op 50490(U) [75 Misc 3d 133(A)]

Decided on June 15, 2022

Appellate Term, First Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on June 15, 2022
SUPREME COURT, APPELLATE TERM, FIRST
DEPARTMENT

PRESENT: Hagler, J.P., Tisch, Michael, JJ.

570496/15

The People of the State of New 
 York, Respondent,
against
Jennifer Kim, Defendant-Appellant.

Defendant appeals from a judgment of the Criminal Court of the City of New York, New
York County (Lisa A. Sokoloff, J., at plea; Laurie Peterson, J., at sentencing), rendered March
26, 2015, convicting her, upon a plea of guilty, of petit larceny, and imposing sentence.

Per Curiam.
Judgment of conviction (Lisa A. Sokoloff, J., at plea; Laurie Peterson, J., at sentencing),
rendered March 26, 2015, affirmed.
In view of defendant's knowing waiver of her right to prosecution by information, the
accusatory instrument only had to satisfy the reasonable cause requirement (see People v
Dumay, 23 NY3d 518 [2014]). So viewed, the accusatory instrument was jurisdictionally
valid because it described facts of an evidentiary nature establishing reasonable cause to believe
that defendant was guilty of petit larceny (see Penal Law § 155.25). The instrument
recited that defendant was observed on video surveillance taking complainant's tote bag from a
table in a bar, without complainant's permission or authority to take or possess the bag or its
contents. Contrary to defendant's present contentions, these allegations and the reasonable
inferences to be drawn from them were sufficient for pleading purposes to establish that
defendant "exercised dominion and control over the property for a period of time, however
temporary, in a manner wholly inconsistent with the owner's continued rights," thereby satisfying
the "taking" element of the offense (People v Jennings, 69 NY2d 103, 118 [1986]; see
People v Olivo, 52 NY2d 309, 317-318 [1981]; People v Livingston, 150 AD3d 448 [2017], lv denied 29
NY3d 1093 [2017]); and her larcenous intent is readily inferable from the surrounding
circumstances of her actions (see People v Olivo, 52 NY2d at 320 n 8; see also People
v Jennings, 69 NY2d at 118). That other, innocent inferences could possibly be drawn from
the facts is irrelevant on this pleading stage inquiry (see People v Deegan, 69 NY2d 976,
979 [1987]).
All concur
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.

Clerk of the Court
Decision Date: June 15, 2022