People v Carvalho (2022 NY Slip Op 50882(U))

[*1]

People v Carvalho (Woody)

2022 NY Slip Op 50882(U) [76 Misc 3d 130(A)]

Decided on September 19, 2022

Appellate Term, First Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on September 19, 2022
SUPREME COURT, APPELLATE TERM, FIRST
DEPARTMENT

PRESENT: Brigantti, J.P., Tisch, Michael, JJ.

570292/19

The People of the State of New York,
Respondent,
against
Woody Carvalho, Defendant-Appellant.

Defendant appeals from a judgment of the Criminal Court of the City of New York, New
York County (Jonathan Svetkey, J.), rendered February 21, 2019, convicting him, upon his plea
of guilty, of petit larceny, and imposing sentence.

Per Curiam.
Judgment of conviction (Jonathan Svetkey, J.), rendered February 21, 2019, affirmed.
In view of defendant's knowing waiver of the right to prosecution by information, the
accusatory instrument only had to satisfy the reasonable cause requirement (see People v
Dumay, 23 NY3d 518, 522 [2014]). So viewed, the accusatory instrument was
jurisdictionally valid because it described facts of an evidentiary nature establishing reasonable
cause to believe that defendant was guilty of petit larceny (see Penal Law § 155.25),
the offense to which he ultimately pleaded guilty. Allegations that a store employee inside a
specified supermarket observed defendant "attempt[ing] to leave the store with several items
without paying for [them]", and that when the employee "attempted to stop the defendant from
leaving the store," the defendant "took a rock out of his pocket and tried to hit [the employee]
with [the] rock," were nonconclusory and facially sufficient to support the charged offense.
Contrary to defendant's present contentions, these allegations were sufficient for pleading
purposes to establish that the store was the owner of the items and that defendant exercised
dominion and control of this merchandise inconsistent with the rights of the owner (see
People v Olivo, 52 NY2d 309, 317-319 [1981]; People v Livingston, 150 AD3d 448 [2017], lv denied 29
NY3d 1093 [2017]). 
All concur
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.

Clerk of the Court
Decision Date: September 19, 2022