People v Smith (2023 NY Slip Op 50240(U))

[*1]

People v Smith (Kevin)

2023 NY Slip Op 50240(U)

Decided on March 29, 2023

Appellate Term, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on March 29, 2023
SUPREME COURT, APPELLATE TERM, FIRST DEPARTMENT

PRESENT: Tisch, J.P., Michael, James, JJ.

570047/19

The People of the State of New York, Respondent, 
against
Kevin Smith, Defendant-Appellant.

Defendant appeals from a judgment of the Criminal Court of the City of New York, New York County (Suzanne J. Adams, J.), rendered August 30, 2018, convicting him, upon a plea of guilty, of petit larceny, and imposing sentence.

Per Curiam.
Judgment of conviction (Suzanne J. Adams, J.), rendered August 30, 2018, affirmed.
Since defendant waived prosecution by information, the accusatory instrument is assessed under the reasonable cause standard applicable to a misdemeanor complaint (see People v Dumay, 23 NY3d 518, 522 [2014]). So viewed, the accusatory instrument was jurisdictionally valid because it described facts of an evidentiary nature establishing reasonable cause to believe that defendant was guilty of petit larceny (see Penal Law § 155.25). The instrument recited that complainant observed defendant take complainant's cellphone "from inside his vehicle," without permission or authority to take or possess the cellphone. These allegations and the reasonable inferences to be drawn from them were sufficient for pleading purposes to establish that defendant "exercised dominion and control over the property for a period of time, however temporary, in a manner wholly inconsistent with the owner's continued rights," thereby satisfying the "taking" element of the offense (People v Jennings, 69 NY2d 103, 118 [1986]; see People v Olivo, 52 NY2d 309, 317-318 [1981]; People v Livingston, 150 AD3d 448 [2017], lv denied 29 NY3d 1093 [2017]). Furthermore, defendant's larcenous intent is readily inferable from the surrounding circumstances of his actions (see People v Olivo, 52 NY2d at 320 n 8; see also People v Jennings, 69 NY2d at 118). That other, innocent inferences could possibly be drawn from the facts is irrelevant on this pleading stage inquiry (see People v Deegan, 69 NY2d 976, 979 [1987]). 
Since the accusatory instrument was jurisdictionally valid with respect to the sole offense to which defendant pleaded guilty, he is not aggrieved by alleged defects in the controlled substance offense of which he was not convicted (see People v Ruiz, 146 AD3d 417 [2017], lv denied 28 NY3d 1188 [2017]).
All concur
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
Clerk of the Court Decision Date: March 29, 2023