People v Ramirez (2024 NY Slip Op 51300(U))

[*1]

People v Ramirez (Claudio)

2024 NY Slip Op 51300(U)

Decided on September 19, 2024

Appellate Term, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on September 19, 2024
SUPREME COURT, APPELLATE TERM, FIRST DEPARTMENT

PRESENT: Hagler, P.J., Brigantti, Tisch, JJ.

570546/19

The People of the State of New York, Respondent,
against
Claudio Ramirez, Defendant-Appellant.

Defendant appeals from a judgment of the Criminal Court of the City of New York, New York County (Nicholas W. Moyne, J.), rendered May 17, 2019, convicting him, upon his plea of guilty, of petit larceny, and imposing sentence.

Per Curiam.
Judgment of conviction (Nicholas W. Moyne, J.), rendered May 17, 2019, affirmed.
In view of the defendant's knowing waiver of his right to prosecution by information, the facial sufficiency of the accusatory instrument must be assessed under the standard required of a misdemeanor complaint (see People v Dumay, 23 NY3d 518, 522 [2014]). So viewed, the accusatory instrument was jurisdictionally valid since it described facts of an evidentiary nature establishing reasonable cause to believe, at a minimum, that defendant was guilty of petit larceny (see Penal Law § 155.25). The instrument alleges that on two separate dates—March 14, 2019, and March 18, 2019—the defendant was observed inside a specified Target store, removing "clothing items (shoes) from a shelf," "plac[ing] the items into Target bags," and "attempt[ing] to leave the store in possession of the items without paying for" them. The instrument further alleges that a store employee recovered the merchandise from defendant. Contrary to defendant's present claim, these allegations were nonconclusory and facially sufficient to support the charged offense (see People v Livingston, 150 AD3d 448 [2017], lv denied 29 NY3d 1093 [2017]; see also People v Olivo, 52 NY3d 309, 318-319 [1981]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concurI concurI concur
Decision Date: September 19, 2024