People v McCoy (2024 NY Slip Op 51344(U))

[*1]

People v McCoy (Robert)

2024 NY Slip Op 51344(U)

Decided on September 30, 2024

Appellate Term, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on September 30, 2024
SUPREME COURT, APPELLATE TERM, FIRST DEPARTMENT

PRESENT: Hagler, P.J., Brigantti, Tisch, JJ.

570258/19

The People of the State of New York, Respondent,
against
Robert McCoy, Defendant-Appellant.

Defendant appeals from a judgment of the Criminal Court of the City of New York, New York County (Michael J. Gaffey, J.), rendered February 27, 2019, convicting him, upon his plea of guilty, of disorderly conduct, and imposing sentence.

Per Curiam.
Judgment of conviction (Michael J. Gaffey, J.), rendered February 27, 2019, affirmed.
In view of defendant's knowing waiver of his right to prosecution by information, the accusatory instrument only had to satisfy the reasonable cause requirement (see People v Dumay, 23 NY3d 518 [2014]). So viewed, the accusatory instrument was jurisdictionally valid because it described facts of an evidentiary nature establishing reasonable cause to believe, at a minimum, that defendant was guilty of the charged offense of petit larceny (see Penal Law § 155.25). The instrument recited that the complainant police officer placed a backpack containing a cell phone and a chess board game on an outdoor table; that defendant told another officer that he was the backpack's owner; and that defendant removed the bag and walked away while removing the items, without complainant's permission or authority to take or possess it or its contents. These allegations and the reasonable inferences to be drawn from them were sufficient for pleading purposes to establish that defendant "exercised dominion and control over the property for a period of time, however temporary, in a manner wholly inconsistent with the owner's continued rights," thereby satisfying the "taking" element of the offense (People v Jennings, 69 NY2d 103, 118 [1986]; see People v Olivo, 52 NY2d 309, 317-318 [1981]; People v Livingston, 150 AD3d 448, 449 [2017], lv denied 29 NY3d 1093 [2017]).
Defendant's larcenous intent is readily inferable from the surrounding circumstances of his actions (see People v Olivo, 52 NY2d at 320 n 8; see also People v Jennings, 69 NY2d at 118), including that he lied to police about being the owner of the backpack (see Penal Law § 155.05[2][b]; see also People v Colon, 28 NY2d 1, 10-11 [1971], cert. denied 402 US 905 [1971]; William C. Donnino, Practice Commentary, McKinney's Cons. Laws of NY, Book 39, Penal Law 155.00, p 295).
All concur.
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
Clerk of the Court
Decision Date: September 30, 2024