People v Gonzalez (2024 NY Slip Op 51704(U))

[*1]

People v Gonzalez (Juan)

2024 NY Slip Op 51704(U) [84 Misc 3d 132(A)]

Decided on December 17, 2024

Appellate Term, First Department

Published by New York State Law Reporting
Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on December 17, 2024
SUPREME COURT, APPELLATE TERM, FIRST
DEPARTMENT

PRESENT: Tisch, J.P., James, Perez, JJ.

570198/21

The People of the State of New
York, Respondent,
against
Juan Gonzalez,
Defendant-Appellant.

Defendant appeals from a judgment of the Criminal Court of the City of New York,
New York County (Anne J. Swern, J.), rendered September 14, 2021, convicting him,
upon his plea of guilty, of petit larceny, and imposing sentence.

Per Curiam.
Judgment of conviction (Anne J. Swern, J.), rendered September 14, 2021,
affirmed.
In view of defendant's knowing waiver of his right to prosecution by information, the
accusatory instrument only had to satisfy the reasonable cause requirement (see
People v Dumay, 23 NY3d 518 [2014]). So viewed, the accusatory instrument was
jurisdictionally valid because it described facts of an evidentiary nature establishing
reasonable cause to believe that defendant was guilty of petit larceny (see Penal
Law § 155.25). The instrument recited that complainant reported to police that her
bag, containing several credit cards and Bose ear buds, became missing while she was
inside the TGI Friday's at Penn Station; that police reviewed video surveillance inside
that establishment and observed defendant taking complainant's bag and removing it
from the location; and that upon his arrest, defendant was in possession of the
complainant's driver's license, school identification, credit cards and a set of Bose ear
buds. These allegations and the reasonable inferences to be drawn from them were
sufficient for pleading purposes to establish that defendant "exercised dominion and
control over the property for a period of time, however temporary, in a manner wholly
inconsistent with the owner's continued rights," thereby satisfying the "taking" element of
the offense (People v Jennings, 69 NY2d 103, 118 [1986]; see People v
Olivo, 52 NY2d 309, 317-318 [1981]; People v Livingston, 150 AD3d 448 [2017], lv denied
29 NY3d 1093 [2017]). Defendant's larcenous intent and lack of consent to take the
bag are readily inferable from the surrounding circumstances of his actions (see
People v Olivo, 52 NY2d at 320 n 8; see also People v Jennings, 69 NY2d at
118). That other, innocent inferences could possibly be drawn from the facts is irrelevant
on this pleading stage inquiry (see People v Deegan, 69 NY2d 976, 979
[1987]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur 
Decision Date: December 17, 2024