People v Savon (2025 NY Slip Op 50521(U))

[*1]

People v Savon (Emilio)

2025 NY Slip Op 50521(U) [85 Misc 3d 138(A)]

Decided on April 15, 2025

Appellate Term, First Department

Published by New York State Law Reporting
Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on April 15, 2025
SUPREME COURT, APPELLATE TERM, FIRST
DEPARTMENT

PRESENT: Hagler, P.J., Brigantti, Tisch, JJ.

570119/20

The People of the State of New
York, Respondent,
against
Emilio Savon,
Defendant-Appellant.

Defendant appeals from a judgment of the Criminal Court of the City of New York,
New York County (Michael A. Frishman, J.), rendered February 18, 2020, convicting
him, upon a plea of guilty, of petit larceny, and imposing sentence.

Per Curiam.
Judgment of conviction (Michael A. Frishman, J.), rendered February 18, 2020,
affirmed.
Since defendant waived prosecution by information, the accusatory instrument is
assessed under the reasonable cause requirement of a misdemeanor complaint (see
People v Dumay, 23 NY3d 518, 522 [2014]). So viewed, the accusatory instrument
was jurisdictionally valid because it described facts of an evidentiary nature establishing
reasonable cause to believe that defendant was guilty of petit larceny (see Penal
Law § 155.25). A Macy's store detective observed defendant "remove several items,
including a coat and ten shirts, from the displays, place the shirts inside a shopping bag
and put on the coat" before "bypass[ing] the store cash registers and attempt[ing] to leave
the store without paying for the items." The instrument further alleges that a store
employee recovered the merchandise from defendant. Contrary to defendant's present
claim, these allegations were nonconclusory and facially sufficient to support the charged
offense (see People v
Livingston, 150 AD3d 448, 449 [2017], lv denied 29 NY3d 1093
[2017]; see also People v Olivo, 52 NY2d 309, 318-319 [1981]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur
Decision Date: April 15, 2025