People v Black (2025 NY Slip Op 51946(U))

[*1]

People v Black (Dawine)

2025 NY Slip Op 51946(U)

Decided on December 11, 2025

Appellate Term, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on December 11, 2025
SUPREME COURT, APPELLATE TERM, FIRST DEPARTMENT

PRESENT: Brigantti, J.P., Perez, Alpert, JJ.

570218/22

The People of the State of New York, Respondent,
against
Dawine Black, Defendant-Appellant.

Defendant appeals from a judgment of the Criminal Court of the City of New York, New York County (Rachel S. Pauley, J.), rendered April 4, 2022, convicting him, after a plea of guilty, of petit larceny and imposing sentence.

Per Curiam.
Judgment of conviction (Rachel S. Pauley, J.), rendered April 4, 2022, affirmed.
Since defendant waived his right to prosecution by information, the facial sufficiency of the accusatory instrument must be assessed under the standard required of a misdemeanor complaint (see People v Dumay, 23 NY3d 518, 522 [2014]). So viewed, the instrument was jurisdictionally valid. Allegations that defendant was observed walking out of a store holding items of merchandise, including sweaters that he did not pay for, established reasonable cause to believe that defendant was guilty of petit larceny (see Penal Law § 155.25; People v Olivo, 52 NY2d 309, 318-319 [1981]; People v Livingston, 150 AD3d 448, 449 [2017], lv denied 29 NY3d 1093 [2017]). The store owner's identification of defendant as the perpetrator was based upon her personal observation of defendant and was nonconclusory. Any further challenge to the identification of defendant was a matter to be raised at trial, not by insistence that the instrument was jurisdictionally defective (see People v Konieczny, 2 NY3d 569, 577 [2004]).
With respect to the plea allocution, defendant is correct that the court factually allocuted him to fifth-degree criminal possession of stolen property, rather than petit larceny. However, defendant states that the only relief he seeks is dismissal of the accusatory instrument rather than vacatur of the plea, and he expressly requests that we affirm the conviction if we do not grant a dismissal. Since we do not find dismissal to be an appropriate remedy, we affirm (see People v Conceicao, 26 NY3d 375, 385 n [2015]; People v Teron, 139 AD3d 450, 450 [2016]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur
Decision Date: December 11, 2025