People v Goldstein (2021 NY Slip Op 06861)





People v Goldstein


2021 NY Slip Op 06861


Decided on December 8, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 8, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LEONARD B. AUSTIN, J.P.
SYLVIA O. HINDS-RADIX
COLLEEN D. DUFFY
FRANCESCA E. CONNOLLY, JJ.


2021-04138
 (Ind. No. 37208/16)

[*1]The People of the State of New York, respondent,
v
Yechiel Goldstein, appellant.


Janet E. Sabel, New York, NY (Will A. Page of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove, Jean M. Joyce, and Elise Bonine of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Kings County (Michael Gary, J.), rendered May 2, 2017, convicting him of attempted criminal contempt in the second degree (two counts), after a nonjury trial, and imposing sentence.
ORDERED that the judgment is affirmed.
The defendant was convicted of two counts of attempted criminal contempt in the second degree arising out of two incidents in June 2016 for which the defendant was charged with attempting to intentionally disobey a temporary order of protection, dated April 15, 2016 (hereinafter the temporary order of protection), entered against him and in favor of his children and their mother.
Viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620, 621), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Contrary to the defendant's contention, the terms of the temporary order of protection, as modified by a temporary order of visitation (hereinafter the order of supervised visitation), issued the same day as the temporary order of protection, were not too vague and indefinite to support his convictions (see e.g. H.W. v J.F., 15 Misc 3d 1142[A], 2007 NY Slip Op 51116[U], *6-7 [Fam Ct, Rockland County]). The temporary order of protection, as modified by the order of supervised visitation, set forth an unequivocal mandate that the defendant stay away from the mother, and that he stay away from the children except for visitation supervised by an "appropriate supervisor." At trial, the People adduced evidence that the term "appropriate supervisor" was defined by the issuing court and understood by the defendant to mean a person agreed to by both parties. The People also adduced evidence that the defendant knew that the third parties who were present during the two incidents in June 2016 were not supervisors who had been agreed to by both parties.
Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15[5]; People v Danielson, 9 NY3d 342, 348), we nevertheless accord great deference to the factfinder's opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Mateo, 2 NY3d 383, 410; People v Bleakley, 69 NY2d 490, 495). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight [*2]of the evidence (see People v Romero, 7 NY3d 633). The People demonstrated that, despite the temporary order of protection, the defendant twice approached the mother and the children in June 2016, one time following the mother and the children for 10 minutes, and the other time visiting with the children outside the presence of an appropriate supervisor. The defendant's intent to disobey the temporary order of protection can be inferred from his conduct (see People v Dumay, 23 NY3d 518, 525; People v Swett, 67 Misc 3d 130[A], 2020 NY Slip Op 50429[U], *2 [App Term, 2d Dept, 9th & 10th Jud Dists]).
The defendant's remaining contention is without merit.
AUSTIN, J.P., HINDS-RADIX, DUFFY and CONNOLLY, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court